In the Matter of the Application of LEON C. HIGH, Petitioner, for an Order against THE BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 7 OF THE TOWN OF NORTH HEMPSTEAD, COUNTY OF NASSAU, Respondent.*

Supreme Court, Special Term, Queens County, August 22, 1938.

*Lyman Stansky*, for the petitioner.

*Bleakley, Platt & Walker* [*Frank A. Fritz* of counsel], for the respondent.

* See *Matter of Carter* v. *Kalamejski* (169 Misc. 73).

DALY, J. This is an application, pursuant to article 78 of the Civil Practice Act, to reinstate the petitioner as principal of the Great Neck High School and for other relief.

The respondent by cross-motion, pursuant to section 1293 of the Civil Practice Act, seeks to dismiss the petition as a matter of law.

The question to be decided herein is whether petitioner is entitled to tenure under section 312-a of the Education Law of the State of New York.

The petition, for the purposes of this motion, must be accepted as true. The principal allegations thereof, in so far as advertence thereto is necessary in the disposition of the question involved herein, are as follows:

(1) That by a written agreement the respondent employed petitioner at its high school for the year commencing July 1, 1931, and for consecutive successive school years up to June 30, 1937, as a principal (Paragraph fifth).

(2) On July 6, 1937, the petitioner was appointed at an increase in salary for the school year 1937–1938 under the provisions of the New York State Teacher Tenure Act which became law on July 1, 1937. That petitioner accepted said appointment and entered upon the performance of his duties thereunder, discharged the same and received the stipulated compensation therefor (Paragraph sixth). There are incorporated in this allegation two exhibits. The first — Exhibit A — consists of the appointment dated July 7, 1937, and reads as follows: " At the regular meeting of the Board of Education held on July 6, 1937, you were appointed to teach in the Great Neck Public Schools for the school year 1937–1938 at a salary of $6,135.00. According to the provisions of the New York State Teacher Tenure Act, which became a law on July 1, 1937, *after a probationary period of one year(s) teaching, you will be eligible for consideration for permanent tenure.* Please send me at your earliest convenience a statement of your acceptance of this appointment." (Italics mine.) The second — Exhibit B — is petitioner's acceptance of such probationary appointment, dated July 9, 1937.

(3) That prior to April 19, 1938, *and before the expiration of the probationary period referred to* in the letter of appointment (Exhibit A), the respondent's superintendent of schools made a written report to it, recommending petitioner for appointment on tenure upon the ground that he was found to be competent, efficient and satisfactory. (Paragraph seventh.)

(4) That at a meeting held on April 19, 1938, the respondent adopted such report and offered petitioner an appointment in a notice of appointment dated April 26, 1938, and referred to as

Exhibit C. By notice dated April 28, 1938, and marked Exhibit D, petitioner accepted said appointment and filed same with the respondent. (Paragraph eighth.)

(5) That on June 25, 1938, petitioner received a letter dated June 24, 1938, from the respondent, and a copy of resolutions purported to have been adopted on June 23, 1938, and marked Exhibit E, whereby respondent notified petitioner that the offer of appointment for the year 1938–1939 made to petitioner on April 19, 1938, was rescinded by the unanimous action of the board, and that petitioner's services were to be discontinued at the end of the present school year. (Paragraph ninth.)

(6) That thereafter petitioner offered to perform the contract set forth in Exhibits C and D, but same was rejected. (Paragraph tenth.)

Section 312-a of the Education Law grants tenure status to union free schools such as the respondent, and the canon of statutory construction which was applied to the Tenure Act of the New York city school system (Education Law, § 872), must likewise govern its construction. In construing the City School Tenure Act, the court, in *Matter of O'Connor* v. *Emerson* (196 App. Div. 807, 813), said: " The tenure given to teachers by section 872 of the Education Law * * * is in derogation of the common-law right of contract on the part of public authorities in engaging public servants of this character, and should be strictly construed." (See, also, *Cooke* v. *Dodge*, 164 Misc. 78.)

The conditions which must be met *before* a probationer is entitled to tenure, as provided in the statute under consideration, are:

(1) The service of a full probationary term of one school year;

(2) the written report of the superintendent of schools to the board of education at the expiration of the probationary term, recommending the probationer for appointment on tenure; and

(3) the appointment by the board of education on tenure of persons who have met qualifications 1 and 2.

It is the contention of petitioner that his completion of the probationary year gave him the protection of section 312-a of the Education Law with respect to tenure, because the respondent's offer of the tenure contract (Exhibit C) and his acceptance thereof (Exhibit D) constitute a tenure contract in anticipation of the end of the probationary year, which is valid and may not be rescinded, and that petitioner's services were not discontinued on the recommendation of the superintendent of schools.

I am of opinion that such a construction of the statute is both contrary to the explicit language thereof, and to its spirit; it would remove from the respondent the safeguards which it was intended

to have in the selection of its employees before they attained the privileges and permanency provided for in the Tenure Act.

The language of the statute itself clearly demonstrates that the probationary term must *first expire* before the employee could be recommended for tenure and appointed. Subdivision 2 of section 312-a begins with the clause: " *At the expiration of the probationary term* of a person appointed for such term * * * the superintendent of schools shall make a written report to the board of education, recommending [him] for appointment on tenure." (Italics mine.) It then goes on to state: " Such persons * * * *who have served the probationary period* * * * shall hold their respective positions " on tenure. (Italics mine.) In subdivision 3 it is provided that only those teachers enjoying the benefits of tenure shall be removed on charges under the procedure there prescribed.

The recommendation by the superintendent of schools and the appointment by the board of education are thus limited to those only who have served the full probationary period of one school year which, under subdivision 15 of section 2 of the Education Law, is defined as " the period commencing on the first day of July in each year and ending on the thirtieth day of June next following." In the instant case neither the recommendation of the superintendent of schools nor the offer and acceptance of an appointment (Exhibits C and D attached to the petition) was made " at the expiration of the probationary period," as required by the law; and as for the attainment of tenure status merely by being permitted to complete the probationary period, " there would be no need to recommend a permanent appointment of ' those persons * * * found satisfactory ' at the end of the probationary period *if the mere lapse of the period of time was sufficient.*" (Italics mine.) (*Matter of Becker* v. *Eisner*, 277 N. Y. 143, 148.)

As for the contention that petitioner's services could be discontinued only upon the recommendation of the superintendent of schools, that requirement clearly is intended for those whose services are discontinued *during* the probationary period, for subdivision 1 of the statute states: " The service of a person * * * may be discontinued at any time during such probationary period on the recommendation of the superintendent."

The allegations of the petition itself establish conclusively that petitioner's services were not discontinued during his probationary period, which ended on June 30, 1938. He affirmatively states in paragraph eleventh of the petition " that his services had not been discontinued during the probationary period."

Whatever rights petitioner may have acquired by reason of the offer and acceptance of an appointment represented by Exhibits C and D attached to the petition, is not now before the court for adjudication. It is certain, however, that he did not thereby acquire tenure under section 312-a of the Education Law. He has not met the requirements thereof; having been neither recommended for permanent appointment on tenure, nor appointed " *at the expiration of the probationary term*," petitioner does not come within its provisions.

The petitioner's application is accordingly denied and the cross-motion of the respondent granted. Submit order.