### HIGH v. BOARD OF EDUCATION OF UNION FREE SCHOOL DIST. NO. 7 OF TOWN OF NORTH HEMPSTEAD, NASSAU COUNTY.

No. 4104.

District Court, E. D. New York.

Dec. 5, 1940.

Lyman Stansky, of New York City, attorney for plaintiff.

Bleakley, Platt & Walker, of New York City (Frank A. Fritz, of New York City, of counsel), for defendant.

ABRUZZO, District Judge.

This is a motion by the defendant for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, to dismiss the complaint on the ground that the defendant is entitled, as a matter of law, to judgment.

Prior to April, 1938, the plaintiff alleges that he was licensed to serve as principal in any high school in the State of New York and on April 26, 1938, the defendant offered plaintiff an appointment as principal in one of its schools in Great Neck, Nassau County, New York. The plaintiff contends that he accepted the notice of appointment and an agreement resulted, whereby the plaintiff attained the status of "tenure".

On or about June 25, 1938, the defendant repudiated the said agreement. The plaintiff claims that because of this repudiation he was damaged in the sum of $6,135.

The plaintiff could only be appointed pursuant to Section 312-a of the Education Law of the State of New York, Consol. Laws, c. 16, which provides:

"§ 312-a. Appointment of principals, teachers and certain other employees; their salaries, et cetera

"1. Teachers, principals, supervisors and all other members of the teaching and supervising staff shall be appointed by the board of education of a union free school district having a population of more than forty-five hundred inhabitants and employing a superintendent of schools, upon the recommendation of such superintendent of schools, for a probationary period of three years. Provided, however, that the board of education in any such union free school district, within the provisions of this act, may, upon the recommendation of the superintendent of schools, appoint for a probationary period of one year, any teacher, principal, supervisor, or other member of the teaching and supervising staff, who has been employed continuously by said board of education for the three years last preceding the date when this act becomes effective.

The service of a person appointed to any of such positions may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education.

"2. At the expiration of the probationary term of a person appointed for such term, subject to the conditions of this act, the superintendent of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient, and satisfactory. Such persons, and all others employed in the teaching, examining or supervising service of the schools of such union free school district, who have served the probationary period as provided in this act, shall hold their respective positions during good behavior and efficient and competent service, and shall not be removed except for any of the following causes: (a) insubordination, immoral character or conduct unbecoming a teacher; (b) inefficiency, incompetency, physical or mental disability, or neglect of duty."

Subsequent to the repudiation of the agreement, the plaintiff instituted a proceeding under Article 78, section 1283 et seq., of the Civil Practice Act of the State of New York to compel the defendant to accord to him the status of "tenure" or permanent position in the defendant's school system. The basis of that proceeding was the appointment by the school board and the plaintiff's acceptance. This petition was dismissed as insufficient in law. 169 Misc. 98, 6 N.Y.S.2d 928. Subsequently, the dismissal was affirmed by the Appellate Division, Second Department, State of New York, 256 App.Div. 1074, 11 N.Y.S.2d 669, and then affirmed by the Court of Appeals of the State of New York, 281 N.Y. 815, 24 N.E.2d 486.

Before the adoption of Section 312-a of the Education Law, which became effective July 1, 1937, the defendant had a common law right to contract with its teachers for their employment. This so called "tenure act" changed that right. Carter v. Kalamejski, 255 App.Div. 694, 8 N.Y.S.2d 926, 929, affirmed 280 N.Y. 803, 21 N.E.2d 692, stated: "The purpose of the section [312-a of the Education Law] was to provide for a change in the tenure of teachers and other employees in the schools of the specified districts *from a system of tenure by contract terminating au-*

*tomatically at the expiration of the contract, to one of permanence."* (Italics the court's). It seems, therefore, indisputable that the agreement violated Section 312-a of the Education Law of the State of New York.

It has been conceded that the superintendent of schools did not make any recommendation before the agreement relied upon was made. This was essential under Section 312-a of the Education Law. The Supreme Court's decision so held, and as has been stated this conclusion was affirmed by the Appellate Division and the Court of Appeals of the State of New York.

The plaintiff now claims that only his right of tenure was litigated in the prior action. He was deprived of a permanent appointment until retirement age, during good behavior and efficient and competent service, unless dismissed after charges preferred and hearings held.

The cause of action before this court is predicated on the theory that there has not been any adjudication of the fact that the plaintiff is entitled to his salary for the year of his appointment. This is the only relief now sought by the plaintiff.

The defendant's offer of plaintiff's appointment was couched in the following language:

"At a meeting of the Board of Education held April 19th, 1938, you were offered an appointment in the Great Neck Public Schools on the following basis:

"1. Position—Principal of Great Neck High School.

"2. Extent of Appointment—July 1938 to June 1939, both inclusive.

"3. Salary—Six Thousand, One hundred Thirty-five and no/100 Dollars ($6135.00)

"a. How Payable—Twelve (12) equal monthly installments.

"b. When Payable—Last school day of each calendar month (July 1938 to June 1939)

"4. Deduction Authorized—4% of each salary installment (State Teachers' Retirement System)

"5. Tenure Status—Tenure."

(Defendant's Exhibit C).

The plaintiff takes the position that if the words numbered "5. Tenure Status—Tenure." were stricken from the contract, he would, therefore, have the right to be compensated for a one year appointment. His contention is that part of the agreement, numbered 5, was the only question passed upon in the previous action in the Supreme Court of the State of New York.

The defendant could make an appointment only under Section 312-a of the Education Law of the State of New York, whether for one year or for a permanent term. The Education Laws take the place of the common law right to make appointments.

The Board of Education was vested under Section 312-a with an exclusive method and procedure to make appointments. The language seems to be unequivocal. It specifically provides that the Board of Education of any union free school district within the purview of this act may, upon the recommendation of the superintendent of schools, appoint for a probationary period of one year, any teacher, principal, supervisor, or other member of the teaching and supervising staff.

The agreement was a nullity as no recommendation of the superintendent of schools anteceded the appointment of the plaintiff. The Supreme Court of the State of New York held so as to "tenure" and would have undoubtedly so held as to the rest of the agreement had the issue been before it. The agreement is indivisible and if one part is nullified the remainder is also void.

Unless the recommendation of the superintendent of schools accompanied the agreement it is invalid. These school boards are compelled to operate under and pursuant to section 312-a of the Education Law of the State of New York. They cannot bind themselves to an agreement unless the terms of that section are strictly adhered to.

The law is the same in the United States Courts. In West Tennessee Power & Light Co. v. City of Jackson, 6 Cir., 97 F.2d 979, the court held that a municipality may not bind itself by any contract which violates the statutes or its charter.

Defendant is entitled to a summary judgment.

Settle order on notice.