Santry, J.
Union Free School District No. 7 of the Town of G-ranville, Washington County, New York, hereinafter referred to as the district, is a school district employing eight or more teachers and having a population of less than 4,500, and it does not employ a superintendent of schools. In the year 1945, before the beginning of the school year, and after the enactment of section 3013 of the Education Law (L. 1945, ch. 833) and pursuant thereto, the board of education of said district, hereinafter referred to as the board, appointed the appellant, Claude F. McMaster, as principal of said district, and appointed the three other appellants as teachers in said district, all for a probationary period of three years. The appointment of the principal was made upon the recommendation of the district superintendent of schools, and the appointments of the teachers were made upon the recommendation of said district superintendent from lists submitted by the principal of such district. All of said persons thus appointed occupied their respective positions and performed the duties thereof continuously up to the close of the school year in June, 1948.
Before the close of the probationary period the district superintendent made a written report to the board recommending for appointment on tenure, from lists furnished by the principal of the district, a number of teachers, including the three teacher appellants, and also recommending for appointment on tenure; the appellant, McMaster, as principal. On April 6, 1948, the board appointed on tenure all of the persons so recommended except the four appellants, who were refused such appointment. The board gave no reason for its refusal to appoint the appellants. Evidence produced on the trial indicated that the appellants were competent and qualified for their respective positions. Three of them had been employed by said district for more than twenty years and the fourth for a period of three years.
The only question presented on this appeal is whether the board, under the statute extending tenure to the smaller school districts (Education Law, § 3013); was required arbitrarily to *508 appoint the appellants on tenure upon the recommendation of the district superintendent, or was free to refuse such appointment in the exercise of its own judgment and discretion.
The statute involved here was enacted in 1945, and applies to school districts employing eight or more teachers, other than city school districts and districts having a population of more than 4,500 and employing a superintendent of schools. After providing for the appointment of teachers and principals for the probationary period, the statute contains the following provisions which are pertinent here: “ 2. On or before the expiration of the probationary term of a person appointed for such term, except the principal of the district, the district superintendent of schools shall make a written report to the board of education or trustees recommending for appointment on tenure, from lists and reports furnished by the principal of the district, those persons who have been found competent, efficient and satisfactory. Any principal of the district, however, shall be recommended for appointment on tenure to such school authorities by the district superintendent of schools. By a majority vote the board of education or trustees may then appoint on tenure any or all of the persons recommended by the district superintendent of schools.”
Prior to the enactment of this statute the board had full and unlimited power and authority to hire or refuse to hire any teacher in accordance with its own judgment and discretion. It could likewise dispense with the services of any teacher at the end of his contract period by refusing to execute a renewal contract. The statute, which imposes certain conditions on the exercise of this power, is in derogation of the common-law right of contract, and must be strictly construed. (Matter of O'Connor v. Emerson, 196 App. Div. 807.) It follows the basic pattern used in previous statutes which established tenure in schools of other classifications. In conformity with such pattern it provides for a probationary period, the recommendation by a supervisory authority for permanent appointment, and finally, the maldng of a permanent contract by the board which carries the right of tenure. Under this statute, as under the other similar statutes, a teacher has no vested right to tenure during the probationary period. (Matter of O'Connor v. Emerson, supra; Matter of High v. Board of Education, N. Hempstead, 169 Misc. 98, affd. 256 App. Div. 1074, affd. 281 N. Y. 815.) The statute requires the board to select persons for permanent appointment from those who have completed their probationary service and have been recommended by the district superintend-! ent. Beyond these limitations the board still retains all of its *509 common-law powers in making or refusing to make a permanent contract with any person so recommended.
The completion of the probationary service and the obtaining of the superintendent’s recommendation make a teacher eligible to enter into a permanent contract carrying the rights of tenure provided the board is willing to make such a contract, but confers no further right to tenure beyond that of eligibility. This is clear from the plain wording of the statute and must be regarded as the legislative intent. (Matter of McManus [Bd. of Education, Union Free School Dist. No. 1, Town of Haverstraw], 64 N. Y. St. Dept. Rep. 99.)
The making of a permanent contract with tenure constitutes a long commitment that should not be incurred without the most careful consideration. The screening of candidates by the principal and district superintendent to select those whose technical training and experience make them eligible for consideration is doubtless a wise requirement of the law. On the other hand, it may well be that a teacher with satisfactory technical qualifications might have certain personal characteristics and attitudes that would prevent him from acting in harmony with his associates and fitting into the requirements of a particular school. In such a case the judgment and discretion of the board, made up of men and women of standing and experience, are most valuable safeguards in the selection of a permanent teaching staff for carrying on the work of the school. The Legislature has not seen fit to abrogate the power of the board in making permanent contracts.
The order should be affirmed, without costs.
Heffernan, Brewster, Deyo and Bergan, JJ., concur.
Order affirmed, without costs.