## (December 5, 1957)

■ In the Matter of ELEONORE E. KOLODZIEJ, Appellant, against CARL J. TRAFALSKI et al., Constituting the Board of Education of Union Free School District No. 9 of the Town of Cheektowaga, Respondents.

Appeal from an order of the Supreme Court at Special Term, entered January 21, 1957, in Erie County, which (1) denied a motion by petitioner for an order pursuant to article 78 of the Civil Practice Act to compel the Board of Education of Union Free School District No. 9 of the Town of Cheektowaga to restore her to the position of teacher in said school district and (2) granted respondents' cross motion to dismiss the petition.

Order affirmed, without costs of the appeal to any party.

GOLDMAN, J. (dissenting). On July 5, 1956 while pursuing graduate studies in the field of education at Middlebury College petitioner-appellant received the following letter from the Superintendent of Schools of the Union Free School District of which the respondents comprise the Board of Education: "I regret to inform you that your services as a teacher of secondary grades in Union Free School District No. 9 will be terminated at the close of the school year ending June 30, 1956 and that you will not be recommended for tenure. Regretfully yours, ".

Appellant had been employed by the Union Free School District as a teacher for a probationary period of three years beginning September 8, 1953. On June 30, 1956 at the close of the school year she had completed three full school years of service as a teacher and nothing remained for her to do but to await September 8, 1956 when the probationary period ended and when, she had every good reason to believe, she would receive tenure. The record indicates that until she received the superintendent's letter appellant never had any notice that her services were unsatisfactory or that tenure would not follow.

It is the contention of the respondent that the superintendent's letter, dated June 29, 1956, was compliance with subdivision 2 of section 3012 of the Education Law which provides in its closing sentence, inserted by amendment in 1952, the following requirement: "Each person who is not to be recommended for appointment or tenure, shall be so notified by the superintendent of schools in writing not later than sixty days immediately preceding the expiration of his probationary period." (L. 1952, ch. 407.) The three-year probationary period would have expired on September 8, 1956. Nothing further was done to finalize the discharge of appellant, and the denial to her of tenure, until the respondent board of education at a meeting held on July 17, 1956, more than seven days after the expiration of the 60-day period, ratified the recommendation of the superintendent and denied tenure.

The prevailing opinion determined that the respondents had fulfilled the statutory requirements and were within their legal rights in denying tenure. My learned associates have adopted the reasoning of the Special Term Justice that the action of the school board required by subdivision 1 of section 3012 was proper inasmuch as the later majority vote of the board was in compliance with the last sentence of that section that "The service of a person appointed to any of such positions may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education". The affirmance rejects the contention of appellant that final action, as evidenced by the

majority vote of the board of education, must take place before the expiration of the 60-day period required by subdivision 2.

It is abundantly clear that the purpose of the 60-day notice is to give a teacher at least that much advance notice that she was being discharged so that she might have at least two months in which to seek a new position. The superintendent's letter of discharge standing alone is insufficient and until he has been sustained by the majority vote of the board of education the denial of tenure is a nullity. The mandatory nature of this requirement was affirmed in *Matter of McMaster* v. *Owens* (275 App. Div. 506, 508–509) where a unanimous court wrote: "Beyond these limitations the board still retains all of its common-law powers in making or refusing to make a permanent contract with any person so recommended. * * * The Legislature has not seen fit to abrogate the power of the board in making permanent contracts." If the board did not act prior to the end of the three-year period the appellant's temporary status would have ripened into a permanent one which could not be disturbed except by removal upon properly preferred charges as provided by subdivision 3.

It seems logical and reasonable that subdivisions 1 and 2 of section 3012 must be read *in pari materia* and construed together for the purpose of learning, and giving effect to, the legislative intent. If there was, as the Legislature has indicated, good and sufficient reason for a full 60-day notice of discharge by the superintendent does it not naturally and logically follow that the notice should be absolute upon which appellant could act with the certain knowledge that she could not return to the position which she had held for three full school years, albeit, on a probationary basis? If there was cogent reason to have inserted the 60-day provision in subdivision 2, a fortiori, it should be a part of subdivision 1. To hold otherwise would make the subdivisions of section 3012 fragmentary, inharmonious and inconsistent.

Although the probationary period did not expire by counting the calendar days until September 8, 1956, for all practical purposes the three years of service had finished at the close of the school academic year in June of 1956. The Legislature has clearly indicated by other sections of the Education Law that the vacation months of July and August belong wholly to the teacher and that the board of education could require no services from her during that period except by separate agreement providing for additional compensation. True, subdivision 15 of section 2 defines the school year as "the period commencing on the first day of July in each year and ending on the thirtieth day of June next following". Notwithstanding this definition, section 501 of the Education Law in subdivision 4 defines a "teacher", in part, in the following language: "provided that no person shall be deemed a teacher within the meaning of this article who is not so employed for full time *outside vacation periods.*" (Emphasis supplied.) Further support for this position is found in the amendment to subdivision 3 of section 3101 which was added by chapter 859 of the Laws of 1955, which provides: "Except in a city having a population of one million or more, 'salary' shall mean the amount of compensation that is to be paid to a teacher for services rendered during the full ten months period that the public schools of the district are required by law to be in session during any school year. For purposes of prorating the salary of a teacher not rendering all the service required of teachers during such period, the monthly rate for the services rendered shall be at least one tenth of the salary and the daily rate at least one two-hundredth of the salary. If any teacher is required to render services beyond the ten months period in any school year, the compensation for

such additional services shall be at least the monthly or daily rate used in prorating the salary ".

I am not unmindful of the authorities which assert that tenure given teachers is in derogation of the common-law right of contract and should be strictly construed. (See *Matter of O'Connor v. Emerson,* 196 App. Div. 807; *Matter of High v. Board of Educ.,* 169 Misc. 98.) We must remind ourselves, however, that no dictionary definition of " strict " includes any connotation of unreasonableness or unfairness.

I cannot refrain from commenting on what seems to be the unfair and inequitable treatment of appellant. The record is barren of any prior notice, or intimation of notice, given the appellant during her three school years of service advising her that her performance as a teacher was under criticism. The first indication of this is the superintendent's letter to the board of education, written the day after the date of his letter to the appellant, in which he wrote that she " has been found an unsatisfactory, inefficient, unstable and careless teacher and I do not recommend her for appointment on tenure as a teacher ". Appellant never received a copy of these charges. If these derogatory and conclusory statements are founded in fact it is difficult to understand how it would not be the invariable practice of any school superintendent to have discussed with the teacher her subpar performance long before the end of the third probationary year. Even if one should concede that the practice employed in the instant case is technically within the terms of the statute it is wholly without the consideration which should be shown a young lady who has dedicated her life to such a vital service to humanity. I cannot believe that the Legislature intended to make such discriminatory and unfair procedure possible. To hold so requires the appellant to uproot herself from the place where she has lived for three years, while the decision is still dangling in the balance, as it must be until the board of education has acted, and to seek a new position for the coming school year which is less than 60 days away, carrying with her the stigma if not of a dishonorable discharge, certainly one which might well be considered as a discharge " without honor ".

The failure of the board of education to have acted within the 60-day period is something more than a procedural irregularity. It is a defect of substance and requires a reversal of the Special Term order and the restoration of the appellant to tenure and to all of the rights which are included in that status.

All concur, except Goldman, J., who dissents and votes for reversal and for granting the application, in an opinion. Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

Order affirmed, without costs of this appeal to any party.