Michael E. Sweeney, J.
This is a proceeding brought by John R. Spinelli and Dominick Parisi, petitioners, under article 78 of the Civil Practice Act, to review the decision of Harry A. Burke, the Commissioner of Public Safety of the City of Sara-toga Springs, New York, in granting a certain building permit to Gorina Construction Co., and in failing and refusing to hold a public hearing prior to the issuance of said permit. Respondents include Burke, Edmund Gorina and Aurelius Gorina, also known as Ray Gorina, individually and doing business as said Gorina Construction Co. and Clemente Bros., Inc., a corporation which petitioners allege intends to operate any business in said building, for which said permit was granted.
*1053 The Building Inspector of the city, one A. D. Burdick, issued a permit authorizing Gorina Construction Co. to erect a structure for the production of ready-mix concrete on property in the immediate vicinity of the petitioners’ residences. Petitioners have resided for some time in the general area in question, which has at all times been in Zone D, a generally unrestricted area, except for any business, trade or use that may become a nuisance.
It is the contention of the petitioners, among other things, that the use contemplated by respondents is or could become a nuisance, and therefore, before a permit was issued the Commissioner should have called a hearing pursuant to section 5 of the zoning ordinance of said city. The respondents contend that the use is not and never would become a nuisance. These are generally the contentions of the parties.
Prior to an examination of the case on its merits, it is necessary to pass upon certain objections raised by the respondents and directed to the petition itself by a motion to dismiss. While there are seven specific objections to the petition, several of them overlap. It is suffice to say here that the respondents contend generally that the petition is prematurely brought, and that A. D. Burdick, the Building Inspector, who was not made a party to this proceeding, is a necessary party and consequently the proceeding is defective without him. They urge that the Building Inspector is the only person who could issue or refuse to issue the permit, and since this is in the nature of a mandamus proceeding, the Building Inspector, and not the Commissioner of Public Safety, is the only party who can be mandated to issue or revoke the building permit in question.
It is my intention to discuss the former objection first. It is well settled that for the purpose of a motion to dismiss all of the alleged facts in the petition are deemed true. (Matter of High v. Board of Educ., 169 Misc. 98, affd. 256 App. Div. 1074, affd. 281 N. Y. 815.) This does not apply, however, to legal conclusions.
More specifically, the respondents contend that the petitioners are not properly before the court because they have failed to first exhaust all administrative remedies. To properly determine this it is necessary to examine the pertinent statutes and ordinances. The derivative statute for the ordinances in question is the General City Law (§§ 20, 81, 82). The pertinent part of the zoning ordinance of the city is section 5 of Ordinance No. CLXXVII and its subdivisions. It is also necessary to examine the Rules and Regulations of the Board of Appeals, and Ordinance No. CXXXVII, which is the building code of *1054 said city. Section 4 of such code creates the office of Building Inspector and states that he shall be under the general control of the Commissioner of Public Safety. Subdivision 3 of this section provides that the Building Inspector “ shall devote his whole time to the duties of his office ”, and further, that he shall receive applications required by the ordinance, issue permits and furnish the prescribed certificates.
In the instant ease there is no question but that the permit itself was issued by the Building Inspector of the City of Sara-toga Springs, A. D. Burdick. After the permit was issued, the petitioners requested the Commissioner of Public Safety to revoke it. This the Commissioner, at least tacitly, refused to do. The next step taken by petitioners was to institute the present proceeding. It is respondents’ contention that the proper procedure should have been to appeal to the Zoning Board of Appeals.
The pertinent parts of the Bules and Begulations of the Board of Appeals are sections 1 and 4 of article III, as follows:
“ 1. Each appeal to the Board from an order, decision or determination of the Building Inspector shall be made on official Form No. 1. * * *
‘1 4. Every appeal shall be taken within twenty days from the date of refusal of a permit, or date of order, ruling, decision or determination of the Building Inspector. Notice of such appeal specifying the grounds therefor must be filed with the Building Inspector or other administrative official as above set forth, and with the Clerk of the Board of Appeals.”
It is well settled that where a permit has been denied, the proper procedure for the applicant is to appeal to the Zoning Board of Appeals. From a reading of article III of said Buies and Begulations, it is apparent that it was contemplated that such procedure should be followed not only by the applicant for a permit, but by any other aggrieved party. The article refers in several sections to “appellant or applicant.” The applicant is obviously one who applies for the permit; the appellant is any person appealing from the determination of the Building Inspector.
Section 81 of the G-eneral City Law specifically states, in referring to an appeal taken to a Zoning Board of Appeals from a decision of an administrative official charged with the enforcement of any zoning ordinance, that such an appeal may be taken by any person aggrieved or by an officer, department, board or bureau of the city. It must be concluded from a reading of this latter section and the Bules and Begulations of the
*1055 Board of Appeals, either separately or together, that not' only the applicant, but any aggrieved person, has the right to appeal to the Zoning Board of Appeals. Assuming, but not deciding, that the petitioners are aggrieved persons, their remedy was by appeal to such board. It has been repeatedly held and there is an abundance of authority that before anyone may seek relief in the courts, he must first exhaust his administrative remedy. (Matter of Towers Management Corp. v. Thatcher, 271 N. Y. 94, 97.) In People ex rel. Broadway & 96th St. Realty Co. v. Walsh (203 App. Div. 468), the reason for this rule is clearly explained at pages 474 and 475:
“ As an appeal may be taken by any person aggrieved, the relator as a taxpayer is as much interested and has as much right to prosecute an appeal to the board, as he has to institute a special proceeding in court to review the acts of the superintendent of buildings.
“ The procedure of appeal within the line of administrative officials before allowing recourse to the courts, insures the benefit of trained and competent expert opinion and judgment, applied to the facts of each particular case by an experienced tribunal, which is not limited to an affirmance or reversal of the action of the superintendent of buildings, but may use its judgment in maldng such modification in his action as in its opinion should be made, and to that end is vested with his powers, in order that the spirit of the law shall be observed, public safety secured and substantial justice done.
« * #
1 ‘ As the relator failed to first exhaust its remedy by appeal to the board of appeals, it was not in a position to apply to the court for relief by way of mandamus, and its motion for a final order for a peremptory writ was properly denied.”
Petitioners contend that before the permit was issued it was mandatory for the Commissioner of Public Safety to hold a public hearing pursuant to section 5 of the zoning ordinance. Section 5 imposes upon the Commissioner of Public Safety the specific duty of holding a public hearing upon application for the establishment of eight businesses, trades or uses. The list does not include the present proposed use. In addition, however, the Commissioner must hold a public hearing in the case of any other business, trade or use that “is or may be noxious or offensive by reason of the emission of odor, dust, smoke, gas or noise.”
In the eight enumerated instances the use is presumptively a nuisance and a hearing is mandated to determine otherwise. *1056 In the additional category, quoted above, the presumption is that it is not a nuisance, and therefore, a hearing prior to the issuance of a permit is not mandated. In the case at bar the Building Inspector took additional precautions when he issued a temporary permit which contained certain conditions. One of these conditions provides that if a question should arise during the operation as to noxious emissions of dust, a public hearing to be held by the Commissioner of Public Safety under the zoning ordinance was provided for. Furthermore, in the present case when the permit was issued the structure had not been erected. There were no facts to present to a public hearing at that time as to whether or not the structure and its use would ultimately be noxious.
Petitioners further contend that there is no authority for the issuance of a temporary permit and the grant thereof was illegal and void. It is suffice to note section 10 of article III of the Bules and Begulations of the Board of Appeals, the pertinent part of which reads as follows: “ If the application is for a temporary permit under conditions, the applicant shall show the Board that the applicant and any successor in interest will observe and abide by the conditions contained in such permit.” It is implicit from this language that temporary permits were contemplated.
The power exists in the Zoning Board of Appeals to determine whether or not the Building Inspector was authorized to issue the temporary permit in the manner in which he did. In People ex rel. Broadway & 96th St. Realty Co. v. Walsh (203 App. Div. 468, 474) the court said: “ The board of appeals would not only have power to determine from an expert viewpoint whether the building complied with the requirements of law, but if minor and unimportant defects existed, could order them immediately remedied. ’ ’
Consequently petitioners have an adequate remedy of which they have not availed themselves. The failure to exhaust their administrative remedy requires that the petition be dismissed.
While for the purpose of deciding this matter it is unnecessary to discuss any of the other matters involved, I think it desirous to consider whether or not the Building Inspector should have been made a party to this proceeding. The relief sought by petitioners is to compel the Commissioner of Public Safety to revoke the permit issued by the Building Inspector. This the court has no authority to do. Under the building code the Building Inspector, and he alone, has the duty to issue or refuse to issue such a permit, and this applies even though the duty is ministerial. Implicit in the power to issue is the power to *1057 revoke. The court cannot compel an officer to perform a duty which he has no authority to perform in the first instance. Consequently, A. D. Burdick, the Building Inspector, is a necessary party to this proceeding. Petition dismissed.