John J. Dillon, J.
This is a proceeding under article 78 of the CPLR, in the nature of mandamus, to compel the respondents to comply with article 16 of the General Municipal Law by establishing a grievance procedure and creating a public employee grievance board for the benefit of teachers in the public school system of the City of Yonkers. The petitioner has been a teacher in that system since September, 1961, and is now completing her third year on a nontenure basis. In the latter part of March, 1964 she was told by her principal that she would not be recommended for tenure. This was tantamount to telling her that her employment was being terminated; and in fact the principal at the same time requested her resignation. The petitioner refused to resign. On April 24, 1964 she had a meeting with the Superintendent of Schools, at which she was represented by counsel. This meeting was regarded by the petitioner as a “hearing,” but was described by the Superintendent as merely a ‘ ‘ conference. ’ ’ Whatever the nature of the meeting may have been, the Superintendent gave the petitioner no encouragement, and on the same day the petitioner was notified in writing that her services would terminate on June 30, 1964. On April 29, 1964 the petitioner commenced this proceeding to compel the Board of Education to appoint a public employee grievance board, as provided in subdivision 4 of section 604 of the General Municipal Law; to determine that the petitioner is entitled to appeal to such a board; and to compel the adoption of regulations insuring the petitioner a hearing before the grievance board in accordance with the requirements of due process of law.
The basic question in the case is whether the petitioner has a “ grievance ” within the meaning of article 16 of the General Municipal Law. This statute is relatively new. It was adopted as chapter 554 of the Laws of 1962. Its declared purpose is “ to provide by law for the settlement of certain differences between public employees and their employers through procedures under which employees may present grievances, free from coercion, interference, restraint, discrimination or reprisal ” (§ 601). The term “ employer ” is defined to mean “ any county, city, town, village, school district or other political subdivision in this state having one hundred or more full-time employees, except the city of New York ” (§ 602). The statute provides for a two-stage grievance procedure, to be followed by an appeal to a “public employee grievance board” to be appointed by the chief executive officer of the governmental body. There can now be no doubt that teachers in the public *365 school system are included within the protection of the statute, because article 16 was amended by chapter 947 of the Laws of 1964 (eff. April 24, 1964) by the addition of section 603-a which expressly so provides.
But the statute does not contemplate every kind of grievance. In a very broad sense a person has a grievance whenever he believes he has something to complain about. But the grievances which require compliance with this statute are expressly defined in section 602 as follows: “ ‘ Grievance ’ shall mean any claimed violation, misinterpretation or inequitable application of the existing laws, rules, procedures, regulations, administrative orders or work rules of a government or a department or agency thereof, which relate to or involve employee health or safety, physical facilities, materials or equipment furnished to employees or supervision of employees; provided, however, that such term shall not include any matter involving an employee’s rate of compensation, retirement benefits, disciplinary proceeding or any matter which is otherwise reviewable pursuant to law or any rule or regulation having the force and effect of law.”
The nature of the petitioner’s grievance may best be determined from the written statement which she submitted to the Superintendent of Schools. While there are some complaints in this statement of lack of adequate supervision of the petitioner’s work, it must be concluded that this was not the basic grievance; for if the petitioner’s services are to be validly terminated at the end of the present month a complaint of lack of supervision could produce no practical result. The petitioner’s real grievance is that she is being denied permanent employment, and the question is whether that is the kind of grievance which may be appealed to a public employee grievance board.
Yonkers is a city of more than 125,000 population. The method of appointing teachers in its school system is regulated by article 52 of the Education Law. Section 2573 provides that teachers may be appointed for a probationary period of not more than three years; that the service of a person so appointed may be discontinued at any time during the probationary period, on the recommendation of the Superintendent of Schools, by a majority vote of the Board of Education; that at the expiration of the probationary period the Superintendent of Schools may recommend those who have been found satisfactory for permanent appointment on tenure; and that the teachers not so recommended shall be given written notice to that effect at least 60 days before the probationary period expires.
*366 It is entirely clear that under the system outlined above, and in the absence of any other controlling statute, the petitioner would have no redress. It has heretofore been regarded as well settled that the appointment of a teacher may be terminated, with or without cause, at any time during the probationary period, and that a teacher so situated has no right to review (Matter of High v. Board of Educ., 169 Misc. 98, affd. 256 App. Div. 1074, affd. 281 N. Y. 815; Matter of O’Connor v. Emerson, 196 App. Div. 807, affd. 232 N. Y. 561; Matter of McMaster v. Owens, 275 App. Div. 506). The question is whether this system has now been changed, so that a teacher who has not been recommended for tenure by the Superintendent of Schools may appeal to a public employee grievance board and ask that board to overturn the Superintendent’s ruling.
The kind of grievance contemplated by article 16 of the General Municipal Law falls far short of this. The Legislature has been careful to limit the jurisdiction of such grievance boards to grievances 1 ‘ which relate to or involve employee health or safety, physical facilities, materials or equipment furnished to employees or supervision of employees ”. A claim to permanent employment under the tenure system falls within none of the enumerated categories. And a due regard for the integrity of the educational system, and for independent control of that system by the school authorities, supports that conclusion. It is difficult to believe that the Legislature could have intended that the sensitive question of permanent employment of teachers should be taken out of the hands of school officials, and lodged in a board having no necessary connection with the schools and perhaps little knowledge of teaching requirements. The wisdom of leaving the decision in the hands of local Superintendents and Boards of Education was pointed out in Matter of McMaster v. Owens (supra). Of course the Legislature could change the system. But the court cannot see any adequate evidence of such an intent in the grievance procedure statutes.
In view of the foregoing conclusion the court is not required to decide whether the grievance board appointed by the President of the Board of Education on May 14, 1964, was properly appointed, or to determine under what procedure such a board should operate. The petitioner has failed to show that she is entitled to relief. The application must, therefore, be denied and the proceeding dismissed.