■ In the Matter of ANDREA PINTO, Appellant, v. STANLEY S. WYNSTRA, as Superintendent of Yonkers Public Schools, et al., Respondents.— In a proceeding under article 78 of the CPLR, to direct the respondents, pursuant to statute (General Municipal Law, § 684, subds. 4, 5), to appoint a public employee grievance board to hear petitioner's appeal from the adverse determination of her alleged grievance, and for other relief, petitioner appeals from a judgment (denominated as an order) of the Supreme Court, Westchester County, made July 21, 1964 upon the court's decision-opinion (43 Misc 2d 363), after a nonjury trial, which dismissed the proceeding on the merits. Judgment affirmed, without costs. The basic issue is whether article 16 of the General Municipal Law entitles a probationary teacher, who has not been recommended for permanent appointment by her principal, to press a claim of maladministration against said principal — after said teacher has been formally notified that the superintendent of schools would not recommend her for tenure and therefore her services would terminate as of a specified date. The petitioner, a probationary teacher, was notified orally and informally that she was not to be recommended for appointment on tenure. After a meeting (designated at times as a hearing or conference) with the superintendent of schools, she was notified by a writing, dated April 24, 1964, that he would not recommend her for tenure and that her services with the Yonkers Board of Education would terminate as of June 30, 1964. She instituted the instant article 78 proceeding

before her term of employment ended. Section 2573 of the Education Law provides: (a) that the services of a probationary teacher may be discontinued at any time during the probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education; (b) that at the expiration of the probationary terms of teachers, the superintendent of schools shall make a written report to the board of education recommending for permanent appointment those persons who were found to be competent, efficient and satisfactory; and (c) that each person not recommended for appointment on tenure shall be so notified by the superintendent in writing, not later than 60 days immediately preceding the expiration of his probationary period. It has been established that, under that statute and similar statutes (Education Law, §§ 3012, 3013), the services of a probationary teacher may be discontinued without a hearing and without the giving of reasons therefor (*Matter of Grace* v. *Board of Educ.*, 19 A D 2d 637; *Matter of High* v. *Board of Educ.*, 169 Misc. 98, affd. 256 App. Div. 1074, affd. 281 N. Y. 815; *Matter of Hickey* v. *Carey*, 275 App. Div. 964). The general rule is that in dealing with its own employees, the action of a municipal corporation "in suspending or discharging them is a merely administrative function, and no notice or hearing is necessary unless specifically enjoined by statute" (*Matter of Hecht* v. *Monaghan*, 307 N. Y. 461, 468). Article 16 of the General Municipal Law was enacted to establish a grievance procedure under which public employees could present grievances against their superiors or employers, free from coercion, interference, restraint, discrimination or reprisal (General Municipal Law, § 681). As defined in the article, "'Public employee' or 'employee' shall mean any person directly employed and compensated by a government, except persons employed in the legislative or judicial branch thereof. * * * 'Grievance' shall mean any claimed violation, misinterpretation or inequitable application of the existing laws, rules, procedures, regulations, administrative orders or work rules of a government or a department or agency thereof, which relate to or involve employee health or safety, physical facilities, materials or equipment furnished to employees or supervision of employees; provided, however, that such term shall not include any matter involving an employee's rate of compensation, retirement benefits, disciplinary proceeding or any matter which is otherwise reviewable pursuant to law or any rule or regulation having the force and effect of law" (General Municipal Law, § 682). There is no irreconcilable conflict between section 2573 of the Education Law, permitting the discharge of a probationary teacher without cause and without a hearing, and article 16 of the General Municipal Law (cf. *Mutual Life Ins. Co. of N. Y.* v. *Smyth*, 247 App. Div. 27, 29). Probationary teachers are within the definition of those employees entitled to present grievances pursuant to article 16 of the General Municipal Law. In substance, the petitioner's alleged grievances are based on an alleged lack of adequate supervision which led her to believe that her services were satisfactory, and on conduct which led her to believe that she was to be recommended for tenure. But she presented no grievances prior to the occasion when she was notified orally and informally that she was not to be recommended for appointment on tenure, nor when the suggestion or request was made to her that she resign. She states in her reply brief that the "results of the hearing may convince respondents that they have made a mistake in not granting tenure to petitioner, and they may, in the exercise of their discretion, decide to offer her reemployment"; and that even "if respondents do not decide to offer petitioner tenure, the hearing will afford her an opportunity to clear her reputation as a teacher, and demonstrate that the supervisory conduct of her principal is the cause of her discharge." It is evident that petitioner's real grievance is that she was denied permanent tenure and that she is attempting to make her

principal and the respondents justify the termination of her services or admit that the termination was without just cause. In our opinion, petitioner was not entitled to circumvent the law as to the discontinuance of her services as a probationary teacher, and to utilize the statutory grievance procedure for the purposes involved herein. Therefore, Special Term did not commit error in dismissing the proceeding. However, we point out that, as a general rule, when a public employee presents a grievance, the courts should not weigh its merits before it is processed in accordance with article 16 of the General Municipal Law. " The processing of even frivolous claims may have therapeutic values of which those who are not a part of the [employee's] environment may be quite unaware" (*Steelworkers* v. *American Mfg. Co.*, 363 U. S. 564, 568). (For opinion at Special Term, see 43 Misc 2d 363.) Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.