*1021 OPINION OF THE COURT
Donald G. Purple, Jr., J.
The petitioners seek a judgment under CPLR article 78 declaring that the petitioners are full-time "probationary teachers” employed by the respondent, Arkport Central School District, and prohibiting the respondent district from denying to the petitioners all rights under the Education Law accorded probationary teachers, including seniority rights and all employment rights, whether by statute or contract; and further, that section 2510 of the Education Law of the State of New York is applicable to the petitioners concerning seniority rights; and that the petitioners are entitled to all notice requirements pertaining to employment, termination or dismissal, and all rights pertaining to tenure as provided in the Education Law; and further, for a judgment awarding to the petitioners reimbursement for all employment rights accorded full-time "probationary teachers” heretofore denied them by the respondent school district; and further, declaring that the petitioners may not be dismissed or terminated or excessed or their positions abolished without affording them their full benefits, seniority rights and rights accorded every full-time teacher in the respondent district, pursuant to the Education Law and the laws and case decisions of the State of New York, and rights under collective bargaining agreement; and further, that all attempts by the respondent to treat the petitioners other than as full-time "probationary teachers” as reflected in the memorandum of the respondent school district of December 1, 1976, was and is in violation of lawful procedure and by error of law; and further, that the determination reflected in the December 1, 1976, memorandum was arbitrary and capricious and an abuse of discretion, all pursuant to CPLR 7803 (subds 1, 3); and for such other and further relief as to the court may deem just and proper.
Said matter having duly come before this court for determination and the petitioners appearing by and through Aswad and Ingraham, attorneys at law, Richard N. Aswad, Esq., of counsel, and the respondent, Arkport Central School District, appearing by and through its counsel, Henry M. Hille, Esq., and after hearing oral arguments on behalf of the petitioners in support of said application, and after hearing arguments on behalf of the respondent in opposition thereto, and after an examination of the moving papers together with memoranda of law submitted on behalf of both parties, and upon stipula *1022 tion of both the petitioners and the respondent, that said matter is submitted upon the moving papers and memorandum of law but reserving their rights to additional hearings, the court rules upon the initial determination, that being whether or not the petitioners are full-time "probationary teachers”, it is the findings of this court that:
Lois _E. Owens and Pamela J. Pieklo, petitioners, were appointed by the respondent, Arkport Central School District, to teaching positions within the district on August 21, 1974, and August 20, 1975, respectively. Petitioner, Owens, has taught full time in respondent district during the years 1974-1975, 1975-1976 and 1976-1977. Petitioner, Pieklo, has taught full time with the respondent school district, since the Í9751976 and 1976-1977 school years.
Petitioner, Owens, was permanently certified by the New York State Department of Education in the area of "Nursery, Kindergarten, and Grades 1-6”, effective September 1, 1975. Petitioner, Pieklo, received provisional certification in the same area, effective September 1, 1976.
During their respective terms of employment, both petitioners have been assigned by the respondent school district to full-time duties. They have performed duties usually expected and ordinarily associated with full-time teaching personnel employed by the respondent school district. However, they have not been afforded the full benefits to which they claim they are entitled to under the collective bargaining agreement presently in effect between the Arkport Faculty Association and the respondent school district. For example, petitioners have received payment for some, but not all, "sick days”, "snow days”, and "conference days”. The petitioners further claim that they have not received the full salary to which they are entitled under the terms of the collective bargaining agreement in effect between the Arkport Faculty Association and the respondent school district.
The petitioner, Pamela J. Pieklo, was appointed by the board of education of the respondent school district to a position as a reading teacher in the primary grades on or about August 20, 1975. The minutes of the clerk of the board dated August 20, 1975, indicated that: "Upon motion of Mrs. Karr, seconded by Mr. Argentieri and carried, Mrs. Pamela J. Pieklo was hired as a Title I intermediate reading teacher at a rate of $30 per day with 3 days sick leave for the 1975-1976 school year and no other fringe benefits.”
*1023 The petitioner, Lois E. Owens, was appointed by the board of education of the respondent school district to a position as a reading teacher in the primary grades on or about August 21, 1974. The minutes of the clerk of the respondent school district, dated August 21, 1974, indicate that Mrs. Lois E. Owens was appointed as a Title I ESEA reading teacher at a salary of $34 per day for 185 days without fringe benefits. On December 1, 1976, the petitioners received a memorandum from James E. Goodspeed, supervising principal for the respondent school district, advising them "that the Federally funded position you now hold may very well not exist after this year”. Later the petitioners were informed by Coleen Weekly, principal at petitioners’ school with other administrators of the respondent school district, that their positions might be abolished at the end of the school year because of the Federal cutbacks in the Title I reading program. Further, petitioners were informed by the same parties that they were not considered as part of the regular teaching staff, the respondent school district, and that they were thus not covered by subdivision 2 of section 2510 of the Education Law. In June of 1977, the petitioners were notified that the reading program and their special employment would be terminated.
The respondent, Arkport Central School District’s position is that they are not "probationary teachers”, since probationary appointments were never extended to them and that they fall under a special employment status dependent upon the availability of Title I funds. Furthermore, the respondent claims that when these teachers were employed, none of the customary or required procedures under the appropriate sections of the Education Law, except the majority vote of the board, approved contracting with these persons on certain special terms and conditions. They further claim that their names were never submitted to the district superintendent as required by law for hiring as "probationary teachers”. In other words, the prerequisite to probationary appointment was not complied with by the school district pursuant to the appropriate provisions of the Education Law. The respondent further claims that the petitioners were well aware of their status, and until such time as they were notified of the possibility of the termination of their positions, they neither claimed to be "probationary teachers” nor did they complain about their contract status which was not the same as regular "probationary teachers”.
*1024 The petitioners claim that, regardless of the acts of the Arkport Central School District, section 3012 (subd 1, par [a]) of the Education Law applies to their employment, and therefore they were hired as full-time "probationary teachers” by operation of law. Section 3012 (subd 1, par [a]) of the Education Law states that teachers and all members of the teaching staff shall be appointed by the board of education for a probationary period of three years. They claim the statute does not recognize the validity of "temporary appointments”. The question boils down to whether or not the respondent school district could hire the petitioners on a temporary basis contracting with them upon terms other than those afforded normal probationary teachers under the collective bargaining agreement and limit their employment to the availability of Federal funding.
Does the fact that the teacher’s employment was dependent upon the availability of Federal funds excuse the district from complying with the appropriate sections of the Education Law (§ 3012, subd 1, par [a])? The Commissioner of Education has consistently ruled that the source of funding has no bearing on the teacher’s employment status or their rights to protection under "tenure statutes”. (Cf. Matter of McPhillips, 12 Ed Dept Rep 95; Matter of Haj, 14 Ed Dept Rep 111, 112; Matter of Shayo, 12 Ed Dept Rep 143.) Historically, the Commissioner of Education’s interpretation of the Education Law has been entitled to great weight... (Cf. Mugavin v Nyquist, 48 AD2d 727.) Furthermore, the commissioner’s decision regarding the impact of Federal funding has been adopted by the Appellate Division, Fourth Department, in McNamara v Board of Educ. (54 AD2d 467). A most recent case Matter of Board of Educ. v Nyquist (59 AD2d 76) is not applicable to the present case since the Oneida City School District did not employ Mrs. Durr in any capacity until 1973. Therefore, the court is bound by the holding in McNamara (supra) and finds that the fact Federal funds were used does not allow the school district to hire teachers other than in accordance with the Education Law.
Furthermore, there is no question that the respondent school district, attempted to hire the petitioners to positions not considered probationary and upon terms at variance with the relevant collective bargaining agreement. Furthermore, the respondents claim that they did not strictly comply with the requirement set forth in the Education Law necessary for
*1025 "probationary appointments”. Regardless of the school district’s failure to follow legal procedures, and regardless of the school district’s intent, the petitioners, Owens and Pieklo, are "probationary teachers” by operation of law. (Cf. Matter of Board of Educ. v Allen, 14 AD2d 429, affd 12 NY2d 980.) The school district is prohibited from hiring teachers to positions except in accordance with law. The so-called "tenure statutes” changed the common-law right formerly existing wherein the board of education could, without restriction, contract with teachers for their employment. (Cf. High v Board of Educ., 35 F Supp 849.) The courts and the Commissioner of Education have consistently held and made it clear that the board of education must fill teaching positions in accordance with sections 3012 or 3013 of the Education Law and cannot employ personnel in a manner aimed at avoiding the clear intent of the statute,.
The court is sympathetic towards the respondent’s argument that the petitioners were aware of their status and were happy to obtain employment under the terms communicated to them. However, the commissioner and courts have placed the burden on the school district requiring them to recognize the effects attendant to hiring, and are presumed to have taken into consideration the employees and employers rights under the "tenure statute” before entering into an employer and employee relationship.
Therefore, the court finds as a matter of law that section 3012 applies to the present case. (Matter of Board of Educ. v Allen, supra.) The court further finds as a matter of law and fact that the petitioners are full-time "probationary teachers” and the respondent school district, because of lack of funds, had a right to abolish their positions. The court further finds as a matter of law that the petitioners’ employment may only be terminated in accordance with sections 3012, 3019-a, 3020 and 3031 of the Education Law.
It is the order of this court that the determination of the "tenure area” is subject to a hearing at which time the respondents should be prepared to present facts as required by the Court of Appeals ruling in Steele v Board of Educ. (40 NY2d 456) to substantiate their claim that the district had created a special "tenure area” and that the petitioners were serving in that area and not in the elementary area 1 through 6. (Cf. Robinson v Roosevelt Union Free School Dist., 57 AD2d *1026 570; and Matter of Baer v Nyquist, 34 NY2d 291; and 8 NYCRR 30.8 [a] [13].)
The determination of the remaining issues raised by the pleadings including the determination as to whether or not the petitioners are entitled to all benefits under the collective bargaining agreement between the school district and the Arkport faculty, is held pending the hearing herein ordered.