The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request, on behalf of the Arkansas Education Association, for an opinion on five questions concerning Act 558 of 1991 which requires the establishment of grievance procedures for school district employees. Specifically, you have enclosed a sample school board grievance policy and question its compliance with this act. The applicable law and the pertinent provisions of the sample grievance procedure are set out below, and your questions are then restated and answered in the order posed.
The relevant statute, A.C.A. § 6-17-208 (Cum. Supp. 1991) provides as follows:
 (a) It is the public policy of the State of Arkansas that each school district shall have a written grievance procedure which provides for an orderly method of resolving concerns raised by an employee at the lowest possible administrative level.
 (b) The grievance procedure shall at least include the following provisions:
 (1) A procedure for resolving the matter informally with the employee's immediate supervisor;
 (2) A procedure to appeal, in writing, an unsatisfactorily resolved grievance from the immediate supervisor to the superintendent of schools or his designee;
 (3) A procedure to appeal in writing an unsatisfactorily resolved grievance from the superintendent or his designee to the school board at a hearing. The hearing shall be open to the public unless either the superintendent or the employee request a private hearing; and
 (4) The right of all parties to be represented by a person of their own choosing at least at the school board level of the procedure.
 (c) The grievance policy shall be adopted in accordance with §§ 6-17-201—6-17-207 and other applicable policies of the district.
The pertinent part of the sample grievance policy provides as follows:
 A. "Grievance" is a claim or dispute concerning the interpretation, application, or claimed violation of the personnel policies of the School District. Other matters for which other means of resolution are provided or foreclosed by statute or administrative procedures shall not be considered grievances. A grievance does not include matters involving the Board of Education's right to establish educational policy and prescribe rules and regulations for the conduct and management of the schools, nor does it include conferences or documentation of an employee's performance deficiencies as contemplated by the Arkansas Teacher Fair Dismissal Act, the Public School Employee Fair Hearing Act, or otherwise.
 B. Employees covered by this procedure shall mean permanent employees of the school district.
Your first question with regard to this language is as follows:
 Does a grievance procedure which is limited to `a claim or dispute concerning the interpretation, application or claimed violation of the personnel policies of the school district,' meet the requirement for a grievance procedure `which provides for an orderly method or resolving concerns raised by an employee?'
Your question necessarily involves the scope of the term "grievance" and the phrase "concerns raised by an employee," as they are used in the statute. The sample policy defines the term grievance, and the thrust of your first question is whether this definition is overly restrictive in light of the language of the statute.
The statute does not define the term "grievance," nor indicate the scope of the term.[1] This office has consistently opined that the Attorney General, as a member of the executive department of government, cannot provide a controlling definition of a term where the legislature has elected not to provide one. The sample policy defines the term "grievance" so as to include only matters involving the interpretation, application, or claimed violations of personnel policies. Because the legislature has not provided a definition of the term, or otherwise indicated what types of "grievances" are to be included in the policy, I cannot conclude that the policy is either contrary to, or in compliance with, the act. Presumably, because this concept is undefined by the act, school districts are granted a measure of discretion in defining the term "grievance" when fashioning their grievance procedures. There may be a point, however, beyond which the school district may not go in restricting the definition of the term "grievance." We cannot isolate this point, however, without a clearer expression of legislative intent on the question. Legislative clarification of this issue is therefore indicated.
Your second question is as follows:
 Does a grievance procedure limited to those matters for which (a) no other means of resolution are provided by statute or administrative procedure, or (b) other means of resolution are prohibited by statute or administrative procedure, meet the requirement for a grievance procedure which resolves "concerns raised by an employee at the lowest possible administrative level?"
It is my opinion, again, that because the applicable statute is unclear as to exactly what types of matters should be included in the grievance policy, a definitive answer to your question would require legislative clarification.
Your third question is as follows:
 Is a district precluded from having a grievance procedure at the lowest level of administrative procedure regarding an employee's concern simply because another remedy exists for that concern pursuant to a statute or higher level administrative procedure?
An answer to this question would require reference to the particular remedy provided. In some instances, it is possible that the remedy provided would be construed as the exclusive remedy, thus foreclosing the applicability of grievance procedures. In other instances, the applicable statute or administrative procedure may not be exclusive and would not preclude applicability of the grievance procedure. I cannot provide a definitive opinion, therefore, without reference to the particular remedy at hand.
Your fourth question is as follows:
 Ark. Code Ann. § 6-17-1505 provides for a teacher's submission of a written response to any material contained in the teacher's personnel file. Does Ark. Code Ann. § 6-17-1505 preclude a school district from adopting a grievance procedure which allows a teacher to grieve a matter in reference to which he/she has submitted a written response pursuant to Ark. Code. Ann. § 6-17-1505?
There is nothing in A.C.A. § 6-17-1505 which would preclude a school district from applying a grievance procedure to matters upon which the teacher has filed a response in his or her personnel file. Section 6-17-1505 simply does not govern what is required, or prohibited, from being included in a grievance policy.
Your fifth question is as follows:
 Act 558 in no way limits the grievance procedure to any discrete class of employees. Does a grievance procedure which is limited to a particular class of employees, like certified or noncertified or probationary or permanent employees, meet the Act's requirements?
This question implicates subsection B of the sample policy which states that "[e]mployees covered by this procedure shall mean permanent employees of the school district."
The act refers to grievances made by "employees." It does not define this term. The act does provide, however, that the grievance policy "shall be adopted in accordance with § 6-17-201-207." These are the statutes governing the adoption of "personnel policies," and the composition of the "committee on personnel policies." This office has previously stated that A.C.A. § 6-17-206 indicates that teachers and administrators are the beneficiaries of the committee on personnel policies, rather than noncertified personnel. See Op. Att'y. Gen. No. 87-410. It may thus be reasonably inferred, in my opinion, that the grievance procedure statute does not refer to or include noncertified employees.
The distinction with regard to probationary and permanent employees appears to present a more difficult question, however. As you have noted, A.C.A. § 6-17-208 uses the term "employees" and does not qualify the use of this word. The plain language of the statute would therefore appear to include all employees (excluding noncertified employees as noted above). It appears that absent clarification by the legislature, therefore, the grievance policy, under current law, should include all certified personnel, whether probationary or permanent.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] But cf. Tazewell County School Board v. Gillenwater,241 Va. 166, 400 S.W.2d 199 (1991) (teacher's complaint that she was transferred in reprisal for evaluation appeal was not a "grievance" in light of statutory definition which excluded matters relating to transfers); and Pinto v. Wynstra,43 Misc.2d 363, 250 N.Y.S.2d 1012 (1964) (teacher did not have "grievance" when denied tenure after probationary employment under statute which limited "grievances" to claimed violations, interpretations or applications of laws, rules, procedures, regulations, orders or rules and which excluded some matters otherwise reviewable pursuant to other laws or regulations.)