■ STEVE J. LONGARIELLO, Appellant, v CITY OF YONKERS, Respondent. [612 NYS2d 919] —In an action, *inter alia,* to recover damages for wrongful discharge, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 28, 1992, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly determined that as a regular

substitute teacher, the plaintiff had no contractual or legal rights to employment with the defendant and that he failed to state a cause of action for abusive or wrongful discharge *(see, Sabetay v Sterling Drug,* 69 NY2d 329; *O'Connor v Eastman Kodak Co.,* 65 NY2d 724; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 297-301; *see also,* Labor Law § 740; Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 30, Labor Law § 740, at 545). In addition, we find that the plaintiff failed to state a cause of action under any other statute set forth in his complaint or in his amended notice of claim *(see,* General Municipal Law § 682 [2], [4]; §§ 683, 684; *Matter of Van Heusen v Board of Educ.,* 26 AD2d 721, 722; *Matter of Pinto v Wynstra,* 22 AD2d 914; *Nassau Ch. v Board of Educ.,* 63 Misc 2d 49; *see also,* Labor Law §§ 210, 219, 704). Thus, the Supreme Court properly dismissed the complaint. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.