**Patricia DROWN, Plaintiff, Appellant,**

v.

**PORTSMOUTH SCHOOL DISTRICT et al., Defendants, Appellees.**

**No. 71–1247.**

United States Court of Appeals, First Circuit.

Heard Nov. 2, 1971.

Decided Dec. 1, 1971.

Peter B. Rotch, Manchester, N. H., with whom Jack B. Middleton, and McLane, Carleton, Graf, Greene & Brown, Manchester, N. H., were on the brief, for appellant.

John C. Driscoll, Portsmouth, N. H., for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

When this action, brought under 42 U.S.C. § 1983, was before us last term, we held that Patricia Drown, a non-tenured teacher at Portsmouth High School, was entitled to a statement of reasons for the non-renewal of her teaching contract as a matter of procedural due process under the Fourteenth Amendment. Drown v. Portsmouth School District, 435 F.2d 1183 (1970), cert. denied, 402 U.S. 972, 91 S.Ct. 1659, 29 L.Ed.2d 137 (1971). To comply with that decision, the school board sent Drown a statement of reasons by letter of December 29, 1970. She now appeals from the district court's dismissal of her contention that the stated reasons were arbitrary and capricious in violation of the Fourteenth Amendment.

The school board's letter specified three reasons for non-renewal:

"You were not offered a contract to teach in the Portsmouth School System for the 1970–71 school year for the following reasons:

"1. In October 1969 you reported illness as a reason for not being able to teach on a particular day, yet you attended an Assembly of Delegates meeting. You were not a delegate to

that meeting nor had you requested permission to attend.

"2. While your class work was assessed as 'satisfactory' the English Department at the High School reports that you have been uncooperative, disregarding schedules and not accepting direction.

"3. You were asked to attend a meeting with the Assistant Superintendent, Mr. Ryans and Mr. Thorburn to discuss your situation on February 19, 1970 at 1:30 P.M. per letter of Mr. Thorburn and also oral request, yet you refused to attend this conference. This refusal was forwarded in letter form to Messrs. Cusick, Thorburn and Ryans."

■ In addressing plaintiff's challenges to these reasons, we first accept her fundamental contention that the reasons may not be arbitrary and capricious. Because the issue was not before us, we did not in *Drown I* go beyond noting that "bad faith may rise to a constitutional level." 435 F.2d at 1187. Yet in deriving a requirement of procedural due process, this court in *Drown I* implicitly recognized that even the minimal interest of the non-tenured teacher in renewal of her contract cannot be taken away for reasons which are entirely arbitrary and capricious.

■ Stated generally, however, the proposition is not particularly helpful. More concretely, a reason may be arbitrary or capricious in any of three ways. Even in view of the broad scope of a school board's discretion, a reason may be unrelated to the educational process or to working relationships within the educational institution. She may not be dismissed for the type of automobile she drives or for the kinds of foods she eats. Or a reason may be arbitrary in that it

is trivial. In Johnson v. Branch, 364 F.2d 177 (4th Cir. 1966), cert. denied, 385 U.S. 1003, 87 S.Ct. 706, 17 L.Ed.2d 542 (1967), the teacher's contract had not been renewed, purportedly for seven infractions of school rules. While the court felt that the real reason was that the teacher was a civil rights activist, it also held that the infractions, ranging from arriving at school a few minutes after the prescribed sign-in time to arriving fifteen minutes late to supervise an evening athletic contest, were simply too insignificant to justify the ultimate sanction of non-renewal. 364 F.2d at 182. But this is indeed a delicate judgment, and a court would be loathe to interfere except in egregious cases. Finally, a reason may be arbitrary or capricious in that it is wholly unsupported by a basis in uncontested fact either in the statement of reasons itself or in the teacher's file. Roth v. Board of Regents of State Colleges, 446 F.2d 806, 808 (1971), approving a statement made by the district court, 310 F.2d 972, 979 (1970).[1]

■ We recognized in *Drown I* the possibility that a teacher may be obliged under certain circumstances to vindicate his version of an incident before a potential future employer rather than before the present employer or a court. 435 F.2d at 1187. To state a claim under 42 U.S.C. § 1983 that a non-renewal was arbitrary and capricious, a teacher must at least attack each of the stated reasons on one of the grounds indicated above.[2] It is not enough to claim that another, unstated reason was the "real" reason. Even if one of the stated reasons was arbitrary and capricious, another stated reason may have been adequate and thus have supported the non-renewal.

1. Cert. granted, 404 U.S. 909, 92 S.Ct. 227, 30 L.Ed.2d 181 (U.S. Oct. 26, 1971), *cf.* Chase v. Fall Mountain Regional School District, 330 F.Supp. 388 (D.N.H.1971), appeal pending.

2. We note in passing that Drown nowhere specifically challenges the accuracy of the

charge that she attended an Assembly of Delegates meeting on a day when she reported that she could not teach because of illness, by offering her version of the events.

In the present case, we need look only to the school board's statement that "the English Department at the High School reports that you have been uncooperative, disregarding schedules and not accepting direction." Drown's principal challenge to this reason, as expressed in her motion to amend the complaint, was that "Said reason indicates defendants relied upon information contrary to the evaluation of plaintiff's teaching ability." She does not challenge the assertion that some members of the English Department perceive her as uncooperative and unwilling to carry out departmental policy. To the extent that this is an assertion that the school board may consider only a teacher's classroom abilities in deciding whether to renew the contract of a non-tenured teacher, it misconceives the discretion entrusted to the local board. It is surely not arbitrary for the local board to value a spirit of cooperation within a department.[3]

 Drown goes on to contend that she was dismissed as a result of disputes with her superiors in the English Department with respect to curriculum and classroom procedures, to claim in effect that the members of the department found her to be uncooperative because she was innovative. But in *Drown I* we implied that non-renewal of a teacher for being "too innovative and unconventional" would be proper under the wide discretion accorded the school board, 435 F.2d at 1185, even if a court or another board would think it wiser to have innovative but "uncooperative" teachers rather than bland but "cooperative" ones. Thus the board's second reason for dismissal stands unshaken, and the district court properly dismissed the complaint.

■ In so holding, we nonetheless recognize that where a teacher makes a plausible claim that her collateral constitutional rights have been violated, she is entitled to a hearing in federal court despite the existence of another and otherwise non-arbitrary reason. Such a violation might so infect the otherwise non-arbitrary reason that the teacher would be granted reinstatement. In the present case, however, counsel quite properly acknowledged at oral argument that Drown's case was based solely on the ground that the stated reasons for non-renewal were arbitrary and capricious, and that Drown was not making a First Amendment claim. We see no other constitutional claim.

Affirmed.

---

3. In a somewhat different context, the Supreme Court implicitly recognized this interest by noting that the case before it presented "no question of maintaining either discipline by immediate superiors or harmony among coworkers. * * *" *Pickering v. Board of Education*, 391 U.S. 563, 570, 88 S.Ct. 1731, 1735, 20

L.Ed.2d 811 (1968). The district court in *Roth* noted that "it is reasonable that there be available a very wide spectrum of reasons, some subtle and difficult to articulate and to demonstrate, for deciding not to retain a newcomer or one who has not yet won sufficient respect from his colleagues." 310 F.Supp. at 978–979.