Robert VAN GORDER and Mary
Psenak, Appellants,

v.

MATANUSKA-SUSITNA BOROUGH
SCHOOL DISTRICT and Matanuska-
Susitna School Board, Appellees.

No. 1754.

Supreme Court of Alaska.

Sept. 12, 1973.

John R. Strachan, of Robison, Mc-Caskey, Strachan & Hoge, Anchorage, for appellants.

John D. Shaw, Palmer, W. C. Arnold, Anchorage, for appellees.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

CONNOR, Justice.

Appellants were non-tenured teachers who were given notice on April 14, 1971, that they would not be retained for the following school year. Shortly thereafter they initiated certain grievance procedures under an agreement by which appellee, Matanuska-Susitna School Board, had consented to be bound concerning teacher grievances. The grievances progressed to the second level, at which point appellants' claims were rejected on the basis that the claims were not "grievances".

Appellants then commenced an original action in superior court, praying for a decree of specific performance and a mandatory injunction which would require appellees to proceed further with the grievances. Appellants also alleged that the school board had refused and had continued to refuse to follow the established grievance procedures. The superior court ruled against appellants' claims. They now appeal.

At the outset it must be noted that the non-retention of appellants was effectuated in a lawful manner. Appellants do not gainsay this. They were given timely notices of non-retention. They requested bills of particulars, which were furnished to them. Although the record does not reflect that either of them requested a hearing, to which they were entitled by statute, it does appear that appellant Psenak was specifically informed by the superintendent of her right to be heard informally by the school board upon her request and that she in fact met with the school board. At trial she testified that she had been told "not to talk at this meeting." It does appear that all of the directly applicable statutory requirements for terminating a non-tenured teacher were met.[1]

The rights of a non-tenured teacher who is simply not retained at the end of his period of employment are relatively limited. He has no constitutionally protected interest in public employment. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1970).[2] Unlike the situation in our recent decision in Nichols v. Eckert, 504 P.2d 1359 (Alaska 1973), there was here no mid-year dismissal. No claim is advanced by appellants that they were denied due process of law, as was asserted by the teachers in *Nichols*.

In essence, the grievances filed by appellants complained about the substantive validity of their termination. Van Gorder's grievance complaint states his belief that the non-retention statute was inequitably applied in his case. His requested grievance action was:

"I wish to be retained as a teacher in the Matanuska-Susitna borough for the

members in the case of state schools, and by the local school board in the case of a district school."
AS 14.20.205: "If a school board or appeal panel reaches a decision unfavorable to the teacher, the teacher is entitled to a de novo trial in the superior court. However, a teacher who has not attained tenure rights is not entitled to judicial review according to this section."

1. The applicable statutes are the following: AS 14.20.175(a): "A teacher who has not acquired tenure rights is subject to non-retention for the school year following the expiration of his contract for any cause which the employer determines to be adequate. However, at his request, the teacher is entitled to a written statement of the cause for his nonretention. The board of directors for state schools, and the districts for district schools, shall provide by regulation or bylaw a procedure under which a nonretained teacher may, at his request, be heard informally by a panel consisting of the commissioner and two or more board

2. We do not mean to intimate that a teacher who is non-retained, based on a charge such as dishonesty or immorality, is without recourse under the due process clause.

school year 1971–1972 and I wish to be granted tenure."

Psenak's grievance complaint states that she had been led to assume that she was being recommended for rehire, until informed of her non-retention. Her requested grievance action was: "Non-retention be rescinded."

We need not discuss further what evolved in the grievance proceedings, for we, like the trial court, believe that the grievance procedure, considered in the context of the statutory provisions on non-retention of teachers, does not extend to the claims advanced by appellants.

Under the grievance procedure agreement the following definition applies:

"A 'grievance' is a claim based upon an event or condition which affects the conditions or circumstances under which a teacher works, and/or allegedly caused by misinterpretation or inequitable application of established law, policy or the terms of this agreement."

As we have noted, the statutory procedures for terminating appellants were observed. Thus there was no "misinterpretation or inequitable application of established law, policy, or the terms of [the] agreement." Neither do we regard non-retention as "an event or condition which affects the condition or circumstances under which a teacher works," since after the lawful termination of employment the question of working conditions can no longer arise.

There may be cases under particular employment contracts, in which the causes of termination are proper subjects for grievance procedures.[3] But this case is not one of them. Probationary employees who are otherwise lawfully discharged cannot obtain permanent status through grievance procedures which do not purport to modify the statutory provisions concerning tenure and termination of employees. See Pinto v. Wynstra, 43 Misc.2d 363, 250 N. Y.S.2d 1012 (Sup.Ct.1964), aff'd, 22 A.D. 2d 914, 255 N.Y.S.2d 536 (1964).

The grievance procedure may be of value to a non-tenured teacher in attempting to persuade the hiring authority that he should be retained. The process might on occasion bring forth evidence and argument by which the termination of the non-tenured teacher might be reconsidered. But any such results and action would, in our view, be a matter within the discretion of the hiring authority, and thereby a matter of grace rather than legal right.

Appellants are no longer employed by the school district. Their termination was lawful, and is now final. Nothing could be accomplished by their further pursuit of grievance procedures, as those procedures only sought to circumvent and annul that which was lawfully accomplished: non-retention. To order the grievance procedures to progress would be a futile gesture, as the trial judge no doubt perceived in denying relief to appellants.

We affirm the judgment of the superior court.

Affirmed.

FITZGERALD, J., not participating.

3. *See* United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960), cited by appellants. In that case, the Supreme Court compelled the employer to arbitrate an employee's claim that he was entitled to re-employment on the basis of seniority after leaving the job because of injury and receiving a disability award. The collective bargaining agreement provided for the submission of *all* grievances to arbitration, covering "any disputes, misunderstandings [or] differences" and specifically including "disputes relating to discharges". Thus, the definition of grievance in the steelworker contract was broader than the definition of grievance in this teachers' agreement. The *Steelworkers* case is further distinguished from the instant case because the grievance agreement there was not subject to a controlling statutory provision like AS 14.20.175 (a) giving the employer the discretionary right to terminate the employee.