**Duane D. MILLER, Plaintiff,**

v.

**Harry W. DEAN et al., Defendants.**

**Civ. No. 75–L–95.**

United States District Court,
D. Nebraska.

Sept. 1, 1976.

27

David C. Nuttleman, Gering, Neb., for plaintiff.

Milton C. Murphy and Harold W. Kay, North Platte, Neb., for defendants.

DENNEY, District Judge.

This matter comes before the Court for decision on the merits and motion for preliminary injunction.

In accordance with Rule 52, F.R.Civ.P., the Court makes the following findings of facts and conclusions of law.

Plaintiff, Dr. Duane D. Miller, instituted this action on June 24, 1976, alleging deprivation of due process of law. Jurisdiction of the Court is invoked pursuant to 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 1343.

On or about December 2, 1974, Dr. Miller and the Board of Education for District No. 63 entered into a written contract whereby plaintiff was employed by the school district as Superintendent of Schools, with employment commencing January 1, 1975, and to end May 31, 1977.

On January 1, 1975, Dr. Miller commenced his duties as Superintendent. On May 12, 1975, Dr. Miller received a written notice that the board of education had voted to consider the proposal that Miller's contract of employment would be terminated. Miller was suspended from his duties pending a hearing held on May 28, 1975. At the conclusion of the hearing, the members of the board, defendants herein, voted unanimously to terminate plaintiff's contract for the reasons of unprofessional conduct, creating turmoil and misrepresenting his past.[1]

## PROCEDURAL DUE PROCESS

Minimal requirements of procedural due process are generally recognized to be: (1) clear and actual notice of the allegations; (2) notice of the persons who have made the charges and the factual basis; (3) a reasonable time and opportunity to present evidence; (4) a hearing before an impartial tribunal. *Brouillette v. Board of Directors of Merged Area IX, etc.*, 519 F.2d 126, 128 (8th Cir. 1975).

On May 12, 1975, plaintiff received a written notice that the board of education had voted to consider the proposal that plaintiff's contract of employment be terminated and that the matter would be considered at a hearing of the board of education on a date agreeable to all parties within 15 days. The notice also provided that between May 12 and the date of hearing plaintiff was suspended from his duties as superintendent of schools and was directed to stay away from the school facilities and not to attempt to exercise the duties of superintendent. Attached to the notice was a list of 17 complaints. On May 16, 1975, plaintiff, by and through his attorney, applied in writing to the board of education for a hearing before the school board. On May 17, 1975, plaintiff was provided with the two additional complaints to be presented at the hearing. On May 28, 1975, a hearing was held at which plaintiff was present with counsel. Plaintiff was accorded ample notice and was given the right to cross-examine witnesses against him and to call witnesses to testify in his behalf. The Court therefore concludes that plaintiff was not deprived of procedural due process.[2]

## SUBSTANTIVE DUE PROCESS

Plaintiff's claimed deprivation of substantive due process is based upon the alleged arbitrary or capricious action of the board. "The claim that a person is entitled to 'substantive due process' means . . . that State action which deprives him of life, liberty or property must have a rational

---

1.  Plaintiff clearly possessed a sufficient property interest in the form of an expectation of continued employment to invoke the due process clause of the fourteenth amendment. When public employees are dismissed during the terms of their contracts, as in the instant case, their property interests are impaired. See Memorandum and Order of April 26, 1976 [Filing # 35].

2.  Upon plaintiff's own admissions and the Court's review of the pleadings, it would appear that plaintiff's sole claim of denial of procedural due process rests upon the alleged failure to provide an impartial board or tribunal. The Court's previous decision rejecting plaintiff's argument (Memorandum and Order of April 26, 1976, Filing # 33) is now bolstered by the recent Supreme Court decision of *Hortonville Joint School District No. 1 et al. v. Horton-*

*ville Education Assn. et al.*, 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976). "A showing that the Board was 'involved' in the events preceding this decision, in light of the important interest in leaving with the Board the power given by the state legislature, is not enough to overcome the presumption of honesty and integrity in policymakers with decisionmaking power." *Id.* at 496, 96 S.Ct. at 2316. Nor does plaintiff's prior suspension mandate a different conclusion. *See Brubaker v. Board of Education*, 502 F.2d 973, 988–989 (7th Cir. 1975), *cert. denied* 421 U.S. 965, 95 S.Ct. 1953, 44 L.Ed.2d 451 (1975). The decision to suspend a teacher or supervisor prior to a hearing is an internal decision vested in the discretion of the school board with which courts should not interfere absent compelling circumstances.

basis—that is to say, the reason for the deprivation may not be so inadequate that the judiciary will characterize it as 'arbitrary.'" *Jeffries v. Turkey Run Consolidated School District*, 492 F.2d 1, 3–4 (7th Cir. 1974). A Board's "mere mistake in judgment or in weighing the evidence does not demonstrate any violation of substantive due process, . . ." *Scheelhaase v. Woodbury Central Community School District*, 488 F.2d 237, 245 (8th Cir. 1973) (Bright, J., concurring): *cf. Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), and the Supreme Court has expressly repudiated the use of substantive due process as a vehicle for intervening in choices properly left within the discretion of state officials, *e. g., North Dakota State Board of Pharmacy v. Snyder's Drug Stores, Inc.*, 414 U.S. 156, 94 S.Ct. 407, 38 L.Ed.2d 379 (1973). Although the Board acted improperly in allowing some irrelevant evidence to be received and in failing to make findings of facts, the Court is nevertheless bound to find for. defendants. Plaintiff admits that there was evidence to support certain of the complaints.[3] The issue is not whether the Board considered irrelevant evidence and had before it certain unsubstantiated complaints, but whether the Board was presented with sufficient evidence from which it could reasonably decide to terminate Dr. Miller's contract. "Even if one of the stated reasons was arbitrary and capricious, another stated reason may have been adequate and thus supported the non-renewal." *Drown v. Portsmouth School District*, 451 F.2d 1106 (1st Cir. 1971). The evidence showed that plaintiff's relationship with the faculty and principals was destroyed, and it was reasonable for the Board to conclude that Dr. Miller's effectiveness as a superintendent was also destroyed. For example, Complaint No. 7 charged plaintiff with constant agitation and turmoil. The record reflects that four members of the faculty had re-signed prior to plaintiff's suspension and that approximately 75 per cent of the high school faculty were looking for other jobs. The evidence could support the conclusion that the situation was due to Dr. Miller and some of his policies. (Tr. 95:5–97:28). Whether or not this Court would agree is irrelevant and, absent a violation of constitutional rights, the decision to dismiss plaintiff was neither unreasonable nor arbitrary.

An Order is filed contemporaneously herewith in accordance with this Memorandum.

---

3. Plaintiff argues in his brief at page 21: "The fact that there may have been some evidence to support a couple of the complaints cannot outweigh the fact that the majority of the complaints were unfounded, and were not supported by competent, relevant, admissible evidence and could only result in a finding that the decision of the Board of Education was arbitrary and capricious."