388 A.2d 17.

EDWARD W. WUJCIK, JR. *v.* THE SCHOOL COMMITTEE OF THE TOWN OF WARREN *et al.*

JULY 12, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

PER CURIAM. Edward W. Wujcik, Jr. was employed to teach English and social studies in a junior high school in the town of Warren for 1 year, the school year 1974-75. Prior to the end of that year he was notified in writing that he would not be granted continued employment. He requested and received a public hearing and the committee, after reconsidering its action, affirmed its decision to terminate. Thereafter,

and following successive unsuccessful appeals to the Commissioner of Education, the Board of Regents and the Superior Court, we granted Wujcik's petition for a writ of certiorari. *Wujcik* v. *School Committee*, 117 R.I. 929, 364 A.2d 1300 (1976).

The record certified in response to our writ and the briefs filed by the parties amplify and make clear what was incomplete and unclear when we considered the application for the writ — that even if Wujcik's 1-year contract were deemed continuous within the meaning of G.L. 1956 (1969 Reenactment) §16-13-2, as amended by P.L. 1970, ch. 222, §1,[1] he was accorded all the protection that the law provides a nontenured teacher whose contract is not renewed. Thus, he received notification in writing prior to March 1st of the school year for which he was employed that his contract for the ensuing year would not be renewed and that the cause for the nonrenewal was a substantial decline in pupil population in previous years. Because that cause related to the educational process, was not trivial, and was supported by a basis in uncontested fact, it satisfied not only *Jacob* v. *Board of Regents*, 117 R.I. 164, 169-71, 365 A.2d 430, 433-34 (1976), but also *Drown* v. *Portsmouth School District*, 451 F.2d 1106, 1108 (1st Cir. 1971). The school committee hearing requested by Wujcik proceeded as required by *Jacob* v. *Board of Regents*, 117 R.I. at 171, 365 A.2d at 434, and the committee's decision was reviewed at all legally available administrative and judicial levels.

---

[1] General Laws 1956 (1969 Reenactment) §16-13-2, as amended by P.L. 1970, ch. 222, §1 reads as follows:

> "Teaching service shall be on the basis of an annual contract, except as hereinafter provided, and such contract shall be deemed to be continuous unless the governing body of the schools shall notify the teacher in writing (on or before March 1) that the contract for the ensuing year will not be renewed; provided, however, that a teacher, upon request, shall be furnished a statement of cause for dismissal or nonrenewal of his contract by the school committee; provided further, that whenever any such contract is not renewed or said teacher is dismissed, said teacher shall be entitled to a hearing and appeal pursuant to the procedure set forth in §16-13-4."

The foregoing aspects of the case are fully detailed in the decisions of the Warren School Committee, the Commissioner of Education, the Board of Regents and the Superior Court. What is there reported, together with what we have here said, responds fully to Wujcik's principal contentions. His other contentions are so clearly lacking in merit as to border on the frivolous; they deserve and receive no specific response. Had we been as fully advised of the nature of this proceeding when we considered the application for a writ of certiorari as we are now, we would not have ordered the writ to issue.

Accordingly, the petition for a writ of certiorari is denied and dismissed; the writ heretofore issued, appearing from the record to have been issued improvidently, is quashed; and the records certified are ordered returned to the Superior Court with our decision endorsed thereon.

*Urso and Adamo, Natale L. Urso,* for petitioner.

*Vincent J. Piccirilli,* for respondent.