Hampton L. JONES, Appellant,
Cross-Appellee,

v.

WRANGELL SCHOOL DISTRICT,
Appellee, Cross-Appellant.

Nos. S–223, S–224.

Supreme Court of Alaska.

March 15, 1985.

LuAnn E. Bailey, Birch, Horton, Bittner, Pestinger & Anderson, Juneau, for appellant, cross-appellee.

Lawrence T. Feeney, Faulkner, Banfield, Doogan & Holmes, Juneau, for appellee, cross-appellant.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

### INTRODUCTION

In this case, the Wrangell School District was granted summary judgment on the basis of the alleged non-arbitrability of the procedures by which a school district declines to retain a nontenured teacher at the end of the school year. We reverse. The alleged breach of the applicable collective bargaining agreement, the allegedly improper nonretention procedures, should be submitted to arbitration.

### STATEMENT OF THE CASE

The Wrangell School District (the District) employed Hampton L. Jones as a teacher during the 1981–1982 school year. That employment relationship was governed by a collective bargaining agreement between the District and Jones' union, the Wrangell Teachers' Association. That agreement provides for procedures to be followed when a teacher is not retained by the District. On May 24, 1982 Jones was notified that the District would not retain him.

Jones filed a contractual grievance against the District pursuant to the collective bargaining agreement. He charged, among other things, that the District had not allowed him an adequate probationary period as required by the agreement.[1] The District refused to arbitrate Jones' grievance, arguing that the nonretention decision was not arbitrable and that Jones' only remedy was review by the school board, according to AS 14.20.175–.180. The school board confirmed Jones' nonretention. He did not appeal that decision.[2] Instead, he sued the District for specific performance of the grievance procedure provided by the collective bargaining agreement.

The superior court granted summary judgment to the District. Jones appeals.

### ISSUES ON APPEAL

The central question in this case is whether nonretention procedures are negotiable. If they are negotiable, hence arbitrable, what limitations does AS 14.20.-175(a) *et seq.* impose on the remedies available to an arbitrator?

### DISCUSSION

In *Kenai Peninsula Borough School District v. Kenai Peninsula Education Association,* 572 P.2d 416 (Alaska 1977) (*Kenai I*), we interpreted AS 14.20.550 and .610, which provide as follows:

Section 14.10.550. *Negotiation with certified employees.* Each city, borough and regional school board, shall negotiate with its certificated employees in good faith on matters pertaining to their employment and the fulfillment of their professional duties.

Section 14.20.610. *Legal responsibilities of boards.* Nothing in AS 14.20.550–14.-20.600 may be construed as an abrogation or delegation of the legal responsibilities, powers, and duties of the school board including its right to make final decisions on policies.

We ruled that a school district does not have to negotiate with a teachers' union on matters affecting educational policy; school districts must negotiate only on matters pertaining to employment and professional duties. We recognized that specific topics often combine elements of both negotiable and nonnegotiable subjects. "[A] matter is more susceptible to bargaining the more it deals with the economic interests of employees and the less it concerns professional goals and methods." *Id.* at 422.

Later, in *Kenai Peninsula Education Association v. Kenai Peninsula Borough School District,* 628 P.2d 568 (Alaska 1981) (*Kenai II*), we decided that nonnegotiable matters are not arbitrable. In the case at bar, the superior court held that nonretention procedures are nonnegotiable under *Kenai I,* and thus they are not subject to arbitration according to *Kenai II.* The school district concedes that nonretention procedures are negotiable. However, it ar-

---

**1.** Jones filed two identical grievances, one on May 24 and the other on June 8, 1982:

*Statement of Grievance*

On May 20, 1982 Liz Boario, Principal, told me that she was recommending that I not be retained for the 1982–83 school year, and on May 22, 1982 the Wrangell School Board voted to non-retain me.

This followed an alleged probationary period of two months which did not comply in numerous ways with the Fair Dismissal Policy, Article IX, Section 7A, of the Negotiated Agreement for 1981–83 between the Wrangell Teachers Association and Wrangell School Board.

Furthermore, during this period of time I was treated in unjust and inequitable ways in violation of the PTPC Code of Ethics, Principle 111–2, and Wrangell's Adopted Teacher Evaluation Handbook.

*Relief Sought*

My non-retention be voided and I be rehired for the 1982–83 school year as the auto/welding, driver education teacher.

**2.** AS 14.20.205 states:

*Judicial review.* If a school board reaches a decision unfavorable to a teacher, the teacher is entitled to a de novo trial in the superior court. However, a teacher who has not attained tenure rights is not entitled to judicial review according to this section.

We have previously held that this statute does not preclude an appeal by a nontenured teacher. *Shatting v. Dillingham City School District,* 617 P.2d 9 (Alaska 1980). Judicial review on the record is available as of right and de novo review is discretionary with the superior court.

gues that an arbitrator could not order a teacher's reinstatement even if the arbitrator were to find a violation of the contractual procedures. The school district therefore concludes that there should be no arbitration of an alleged violation of the contract's nonretention procedures. The school district's arguments relate to the applicability of *Van Gorder v. Matanuska-Susitna Borough School District,* 513 P.2d 1094 (Alaska 1973).

In *Van Gorder,* we rejected an attempt to invoke a contractual grievance procedure by two nontenured teachers who were not retained by their school district employer. Our reasoning rested primarily on the existence of AS 14.20.175(a), which provides for challenging the merits of a nonretention procedure. We found that the grievance procedure, considered in the context of the statutory provisions on nonretention of teachers, did not extend to the claims advanced by the nonretained teachers. The school district had complied with the statutory requirements for nonretention in *Van Gorder.* We therefore concluded that the teachers' termination was lawful and final, adding that:

> Nothing could be accomplished by their further pursuit of grievance procedures, as those procedures only sought to circumvent and annul that which was lawfully accomplished: non-retention. To order the grievance procedures to progress would be a futile gesture.

*Id.* at 1096.

We find that *Van Gorder* is distinguishable from the case before us now. In *Van Gorder,* we found the grievance procedure inapplicable in response to the nontenured teachers' challenge to the substantive merits of their employer's decision not to retain them. Unlike the case now before us, the grievants in *Van Gorder* did not allege specific contractual violations; they claimed only that there were insufficient reasons for their nonretention.

■ In the case at bar the nonretention procedures were negotiable and, indeed, were negotiated by the school district and the teachers' union. *Van Gorder* did not prohibit the inclusion of such nonretention procedures within a collective bargaining agreement. *Kenai I* specifically recognized in an appendix that "teacher retention" was a negotiable item. 572 P.2d at 424. In this case the negotiable item was actually negotiated and made subject to the applicable collective bargaining agreement. Therefore, it should be subject to arbitration.

■ However, the ultimate remedy available to the arbitrator in such a case as this must be subject to the statutory restrictions of AS 14.20.175(a).[3] An arbitrator might *recommend* that the school board exercise its discretion to reinstate Jones, but the legislative edict is clear that a school district cannot negotiate away its authority to decide tenure, nonretention, reinstatement or other matters concerning educational policy or management prerogatives. Still, an arbitrator may be able to fashion a remedy suitable to the breach of the collective bargaining agreement. Various courts have approved limited remedial decisions by arbitrators in similar cases involving the procedures followed by a school district in declining to retain a nontenured teacher. *E.g., School Committee of Danvers v. Tyman,* 372 Mass. 106, 360 N.E.2d 877 (1977). In *North Beach Education Association v. North Beach School District No. 64,* 31 Wash.App. 77, 639 P.2d 821 (1982), the court stated:

> We view the ... question before us as follows: Does the grant of exclusive decision-making power in a school board under RCW 28A.67.072 to make renewal

3. AS 14.20.175(a) provides as follows:

Nonretention. (a) A teacher who has not acquired tenure rights is subject to nonretention for the school year following the expiration of his contract for any cause which the employer determines to be adequate. However, at his request, the teacher is entitled to a written statement of the cause for his nonretention. The boards of city and borough school districts and regional educational attendance areas shall provide by regulation or bylaw a procedure under which a nonretained teacher may, at his request be heard informally by the board.

or nonrenewal decisions concerning provisional teachers preclude arbitration of any grievance concerning procedure preliminary to a final renewal or nonrenewal decision?

We conclude that the school board does possess the exclusive power, not subject to *any* appeal, to decide whether to "nonrenew" a provisional employee. Nevertheless, we also hold that under the fact pattern presented in this case, RCW 28A.67.072 does not preclude arbitration of grievances outside the final nonrenewal decision. The rationale in support of this holding is that although the arbitrator cannot reinstate an employee to full contract status nor impinge upon any other statutory exclusive power of the school board over employment matters, the contract between the parties still leaves discretion to fashion remedies short of such reinstatement.

In sum, Jones may submit the alleged breach of the collective bargaining agreement to arbitration. However, the arbitrator's latitude in fashioning an appropriate remedy is restricted by the language of AS 14.20.175(a).

REVERSED and REMANDED.