## CIRCUIT COURT OF FAIRFAX COUNTY

Richard J. Lunsford et al.

v.

Fairfax County School Board

July 18, 1985

Case Nos. 91649, 91650 and 91651

By JUDGE RICHARD J. JAMBORSKY

The Court has carefully reviewed the entire record, (not relying on the summary), testimony, exhibits, arguments and trial memoranda presented at the *ore tenus* hearing on July 1, 2, and 3, 1985. Based upon its review the Court concludes that the Fairfax County School Board ("School Board") did not act arbitrarily or capriciously, abuse its discretion, or exceed its authority when it voted to establish West Potomac High School in the former Groveton High School facility and convert the former Fort Hunt High School facility into an intermediate school. While the Court must dismiss Plaintiffs' suit, the issues raised by Plaintiffs should not be dismissed lightly by Fairfax County citizens concerned about schools. This action gives the entire County an opportunity to examine the School Board's decision-making process and procedures concerning the sensitive issue of school closing and underutilization of facilities.

*Va. Code* Section 22.1-87 (Repl. Vol. 1985), which authorized judicial review of school board actions, provides in relevant part: "*[t]he action of the school board shall be sustained* unless the school board exceeded its authority, acted arbitrarily or capriciously or abused its discretion." (emphasis added.) This Court accepts the definition of arbitrary

and capricious supplied by the U. S. District Court for the Eastern District of Virginia: an ". . . administrative action which lacks a rational basis or which was made in bad faith." *General Research Corp. v. United States*, 541 F. Supp. 442, 447 (E.D. Va. 1982). After reviewing the record, especially the testimony of former Superintendent Burkholder, the Court cannot, in good conscience, conclude that the School Board's action lacked a rational basis or that it was taken in bad faith. The School Board's action was related to the educational process; it was taken in response to the serious problem of declining enrollment, hence it was not trivial; the decision to close Fort Hunt High School was supported by a basis in uncontested fact, i.e., that underutilization of schools negatively affects the entire school system. *Drown v. Portsmouth School District*, 451 F.2d 1106, 1108 (1st Cir. 1971).

The School Board's decision was based upon fact and supported by reasoned analysis. The School Board, therefore, did not act improperly and did act within its authority. *Gwathmey v. Atkinson*, 447 F. Supp. 1113, 1117 (E.D. Va. 1976).

The Plaintiffs, through presentation of knowledgeable witnesses who are also parents in the Fort Hunt area, make a credible and detailed argument for not closing any high school in the Eastern area of Fairfax County. But this Court is not sitting as a superior school board charged with deciding whether the duly appointed school board made the best decision, a good decision, or even a wise decision. The Court has no difficulty accepting the role prescribed for Courts by Virginia case law:

> In the conduct of the public schools it is essential that power be vested in some legalized agency in order to maintain discipline and promote efficiency. In considering the exercise of this power, the courts are not concerned with the wisdom or unwisdom of the act done. The only concern of the court is the reasonableness of the regulation promulgated. To hold otherwise would be to substitute judicial opinion for the legisla-

tive will. *Flory* v. *Smith*, 145 Va. 164, 168, 134 S.E. 360, 362 (1926).

[T]he Court will not substitute its judgment for that of the public body or officer, but rather must decide whether the determination of the school board should be set aside either because it had no basis in fact, or because it was arbitrary and capricious, or because it constituted an abuse of discretion. Where there is a rational legal and factual basis for a school board's administrative determination, the Court will not overturn such decision and substitute its own judgment even if it would have reached a contrary conclusion. *School Board* v. *McConnell*, 215 Va. 603, 607, 212 S.E.2d 264, 267-268 (1975), *quoting White* v. *Board of Education*, 74 Misc. 171, 344 N.Y.S.2d 564, 566 (1973).

The Plaintiffs complain that the School Board violated its own guideline by converting an underenrollment problem to an overenrollment problem, which, indeed, the School Board has temporarily done. (The School Board is addressing that problem.) But the School Board's response to this complaint, through testimony of former Superintendent Burkholder, is that enrollment numbers are only one of many considerations in school closings and consolidation. The former Superintendent testified that "you can take the number of high school students in the county and you can divide it by the number of schools, and you can come out with a number that will put you within the guidelines. . . but in doing so you violate some of the other guidelines. . . . It was a very, very complex situation. . ." (Burkholder deposition) The School Board further responds, through the record, that its action results in a better school program, and results in a more economical and efficient school system.

The Plaintiffs further allege that the School Board failed to consider all relevant factors and rational alternatives, failed to act with evenhandedness and abused its discretion. The Court has lumped these complaints together because they are all based

upon the School Board's failure to include Edison High School in a citizen study regarding the declining enrollment and underutilization of facilities in the Eastern section of Fairfax County. These complaints constitute serious allegations which were thoughtfully presented at trial. The Court has examined them very carefully.

The Court finds that former Superintendent Burkholder was opposed to consideration of Edison High School for closing or further boundary changes, based on his view of the merits of the issue. There is ample evidence in the record to support his position. It simply made no difference to the former Superintendent whether Edison was or was not included in the Task Force Study. Be that as it may, the Plaintiffs proved that Edison High School was excluded from a Citizen Task Force study of possible school closings as a result of the interference of former Board of Supervisors member, Sandra Duckworth, into School Board business. Her involvement raised the specter of politics in the decision-making process. Plaintiffs correctly contend: "It is not the function of the Board of Supervisors to determine what schools should be operated as a part of the school system. That is a function exclusively reserved to the school board," relying on *James* v. *Duckworth*, 170 F. Supp. 342, 346, n. 5 (E.D. Va. 1959). The Board of Supervisors has the power of appointment to the School Board; however, once the appointment has been made, the selected members must maintain the ability to exercise independent decision-making power.

The record demonstrates that the school closing issue was a highly emotional, difficult problem for the parents in the affected area and the School Board to solve. The last thing the School Board, parents, Superintendent and staff needed was the attempted injection of political considerations, real or imagined, into the already difficult decision-making process. Unfortunately, the record reveals that a large number of parents believe the decision to close Fort Hunt High School was based solely upon political considerations. The unfortunate involvement of former Supervisor, Sandra Duckworth, tainted the School Board's decision in the minds of many parents. But the fact that the Edison High School area was not included

in the Citizen Task Force Study, for whatever reason, does not warrant the conclusion that the School Board failed to consider all relevant facts and alternatives, or that it abused its discretion. Nor does it necessarily follow that the School Board's decision was a political one. Clearly, the Plaintiffs did not *prove* that the School Board's decision was a political one.

The record and testimony at trial show:

1) Neither the School Board nor the Superintendent intended to be bound by any Citizen Task Force recommendation. A Citizen Task Force was not required by law and was simply one tool to aid the Superintendent and School Board in reaching a decision regarding the problem of declining enrollment and underutilization of facilities. The Superintendent was even opposed to the creation of a task force because it pitted neighborhood against neighborhood, neighbor against neighbor.

2) In voting on a Motion to establish the Citizen Task Force there was no clear, unequivocal direction from the maker of the motion or the School Board that Edison High School be included in the study.

3) Whether you agree or disagree with the School Board, the record shows that the members are conscientious, knowledgeable, and hardworking. They received copies of the Superintendent's correspondence and were fully informed that Edison High School was excluded from Task Force consideration.

4) Notwithstanding Edison High School's exclusion from the Citizen Task Force study, the record indicates that before March 14, 1985, School Board members did consider, or had presented to them, various items of information on closing Edison High School or adjusting its boundaries along with those of Hayfield, Groveton, Mt. Vernon, and Fort Hunt High Schools. No formal motion was made relating to Edison High School but that does not mean that Edison options were not examined and considered.

5) There were rational reasons for not involving Edison High School in the school closing controversy: its vocational program, its good location and access to the Beltway, the development of the Lehigh Tract, to name a few.

In considering the School Board's response to the enrollment problem created by the merger of Fort Hunt

and Groveton High Schools, and the School Board's unwillingness to close Edison High School or make boundary changes, the Court will not and cannot consider the wisdom of the School Board's action. The Court simply concludes that the School Board's actions were rational and legal. Having so concluded, it is not necessary in this opinion to address every argument and exhibit submitted by Plaintiffs in support of their plan for not closing any high school in the Eastern section of Fairfax County. The entire case file, however, with all exhibits, is a public record and available for review by any interested person.